RIDGWAY AND WIFE vs. McALPINE.

[BILL IN EQUITY FOR ALLOTMENT OF DOWER.]

1. *Dower not barred by statute of limitations.*—The act of 1843, (Clay's Digest, 329, § 93,) limiting "all actions for the recovery of lands, tenements, or hereditaments," to ten years after the accrual of the cause of action, does not apply to suits, either at law or in equity, seeking an allotment of dower.

2. *Nor by staleness of demand.*—Mere lapse of time short of twenty years, independent of other equitable circumstances, does not authorize a court of equity to treat a suit for dower as a stale demand.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellants, in November, 1854, seeking an assignment of Mrs. Ridgway's dower in certain lands, of which her former husband, George W. McAlpine, was seized and possessed during coverture, and which were aliened by him. The bill alleged, that the lands were sold and conveyed by said McAlpine, in the summer of 1838, to William McAlpine, the defendant in this suit, who was in possession of them when the bill was filed; that said George W. McAlpine died soon after said sale was made, and during the year 1838; that his widow has since married Rezin Ridgway, one of the plaintiffs; and that her dower in said lands has never been assigned to her. The defendant pleaded the statute of limitations in bar of the relief sought, and the plea was sustained by the chancellor.

The decree of the chancellor, in sustaining the plea of the statute of limitations, and dismissing the bill, is now

assigned as error, with other matters which require no particular notice.

TURNER REAVIS, and S. F. HALE, for appellants.—1. The general statute of limitations does not apply to suits for dower.—Angell on Limitations, 379; 4 Kent's Com. (5th ed.) 70; 10 Yerger, 339; 1 Dev. & Bat. Law R. 213; Park on Dower, 311; 4 N. H. 107; 3 N. H. 128; 8 Johns. 104; 1 Dud. (Geo.) R. 123; 2 Gill & J. 468; 1 Mann. (Mich.) 1; 1 Md. Ch. Dec. 271; 7 Geo. 20; 10 Geo. 321; 7 Metcalf, 24. It is the duty of the owner of the fee, and not of the dowress, to become the actor in the proceedings for the assignment of dower.—Shelton v. Carroll, 16 Ala. 148; Oakley v. Oakley, 30 Ala. 131. Until dower is assigned, a widow has no estate in the lands of her deceased husband, but only a mere right to have dower in them allotted to her. Before dower is assigned to her, she has not such an interest as can be sold under execution, even if she be in possession. She cannot sell and deliver her possessory interest to another, so as to enable him to defend an ejectment against the owner of the fee; nor can she, until dower is assigned, if out of possession, maintain ejectment.—Weaver v. Crenshaw, 6 Ala. 873; Cook v. Webb, 18 Ala., 810; Wallace v. Hall, 19 Ala. 367; Hunt v. Acre, 28 Ala. 580; Angell on Limitations, 380, note 6; Stephen's N. P. 1391. A proceeding for the assignment of dower, then, cannot be considered an "action for the recovery of lands, tenements, or hereditaments," within the meaning of the act of 1843.

2. The plea of the statute is uncertain and insufficient. 8 Porter, 227, 231; Andrews v. Huckabee, 30 Ala. 143.

3. The plea is defective, also, because it is not supported by a particular and precise denial in the answer of the facts alleged in avoidance of the statute.—3 Johns. Ch. 384; 8 Cowen, 360; 1 Bland, 282, 493; 3 Paige, 273; 11 Pick. 331.

4. The question, whether the claim is a stale demand, does not arise; because it is neither presented by the answer, nor by demurrer to the bill. If the question were presented, the authorities above cited, and the reasons on

which they are founded, show that the rule in respect to stale demands has no application. Dower is a strictly legal right, which a court of equity is' as much bound to enforce as is a court of law, and upon the same principles; and if the right be not barred at law by the lapse of time, it cannot be in equity.—Potier v. Barclay, 15 Ala. 439; Blaine v. Harrison, 11 Illinois, 384; 1 Story's Equity, . § 630; Oliver v. Richardson, 9 Vesey, 222; Chapman v. Schroeder, 10 Geo. 321. No case can be found in which the doctrine as to stale demands has been applied to a claim for dower, in less than twenty years; and those cases were decided without reference to the principles now contended for.

Jos. W. Taylor, and Wm. P. Webb, *contra.*—1. It must be conceded, that the lapse of time in this case is sufficient to bring it within the bar of the statute of limitations, and that the statute, if applicable to proceedings at law for the recovery of dower, is equally applicable to. proceedings in equity for the same purpose. The question, then, is, whether the act of 1843, limiting "actions for the recovery of lands, tenements, and hereditaments," applies to proceedings at law for the recovery of dower. Dower is now, and always has been, recoverable at law, in this State, by petition, filed formerly in the circuit or county, now in the probate court. A petition for dower, under the act of 1812, (Clay's Digest, 172, § 3,) which remained in force until the 17th January, 1853, was an *action,* within the meaning of the act of 1843. It is included in the legal definition of an action.—Bacon's Abr., tit. *Action;* Co. Litt. 285. It possesses the three essential elements of an action—parties, a subject-matter of controversy between them, and a tribunal for *its* decision. It is identical in substance, and differs only in form and name from, a writ of dower at common law, which was undeniably an action. It is strictly analogous to the suit by petition and summons, (Clay's Digest, 331, § 102,) on a bond or note for the payment of money, which was clearly within the statute of limitations. of 1843. It is, moreover, an action "for the recovery of lands, tene-

ments, and hereditaments." A *recovery* is the restoration of a right by the judgment of a court. The object of the petition for dower, like that of the writ of dower or writ of right of dower at common law, was to *recover* the widow's share of her husband's real estate, from the heir, devisee, or alienee of the husband; and its effect was to put her in possession of the dower lands. On the death of the husband, the possession of the party claiming from him becomes, *eo instanti*, adverse to the widow, *quoad* her portion of the lands; which adverse possession is-divested by the judgment of the court, restoring her dower lands to her. The act of 1812, in prescribing the proceedings on the petition, makes them strictly analogous to ordinary actions at law; and uses the very words (*make recovery*) of the act of 1843. In confirmation of these views, deduced from the language of the statutes, and from the general nature of the claim of dower, the following authorities are referred to: Owen v. Slatter, 26 Ala. 547; Jones v. Powell, 6 John. Ch. 194; Terry v. Minor, Sm. & Mar. Ch. 489–94; Bogle v. Rowand, 3 Dess. 555.

2. The plaintiff's ignorance of the legal insufficiency of her relinquishment of dower, until after the completion of the statutory bar, does not avoid or prevent the operation of the statute.—24 Wendell, 605; 3 Litt. 177.

3. If the claim is not barred by the statute of limitations, it is at least a stale demand, and, for that reason, ought not to be allowed.—7 How. (U. S.) Rep. 234; 10 Vesey, 453; Adams on Equity, m. p. 228; 2 Story's Equity, § 1520, and authorities cited in marginal note; Jeremy's Equity, 47.

RICE, C. J.—The main question in this case is, whether a suit, at law or in equity, seeking the assignment of dower, is within the second section of the statute of limitations of 1843, which provides, that "all actions for recovery of lands, tenements, or hereditaments, in this State, shall be brought within ten years after the accrual of the cause of action, and not after: *Provided*, that five years be allowed, under both sections of this act, for infants, *femes covert*, insane persons, and lunatics, after the

termination of their disabilities, to bring suit."—Clay's Dig. 329, § 93.

It has been long settled in England, that the wife's remedy by action for her dower, is not within the ordinary statutes of limitations.—Park on Dower, 311; 4 Kent's Com. 70; Oliver v. Richardson, 9 Vesey, 222.

In several of the United States, whose statutes of limitations are as comprehensive as our own, it has been decided, that the suit by a widow for an assignment of her dower, no matter in what court instituted, is not within those statutes.—Wakeman v. Roache, 1 Dudley's Rep. 123; Tooke v. Hardeman, 7 Georgia R. 20; Chapman v. Schroeder, 10 *ib.* 321; Spencer v. Weston, 1 Dev. & Batt. R. 213; Campbell v. Murphy, 2 Jones' Eq. R. 357; Barnard v. Edwards, 4 New Hamp. R. 108; Guthrie v. Owen, 10 Yerger's R. 339; Parker v. Obear, 7 Metc. R. 24; Hogle v. Stewart, 8 Johns. R. 104; Ralls v. Hughes, 1 Dana's R. 407; May v. Rumney, 1 Michigan Rep. (by Manning,) 1.

The reasons upon which these decisions, English and American, have been mainly rested, are, that dower is highly favored; that the right to it is unlike any other right to land; that it " differs from all other mere rights of action, in not being the result of any adverse *jus possessionis* acquired by the heir or *feoffee;*" that its own distinguishing peculiarities, and the favor to which it has for so long a time been entitled by law, are sufficient to except and exempt a suit for the assignment and recovery of dower from the operation of all general statutes of limitations, however broad and comprehensive, which do not expressly name it, or include it by *unavoidable* implication; and that the leading policy and end and aim of such statutes are, to protect those in possession of real property, against claims held *adversely* to them by others out of possession, and can be accomplished without implying from broad and comprehensive words, as to actions for the recovery of lands, an intention on the part of those who enacted them to include a suit for the assignment and recovery of dower.—See, also, Wright v. Conover, 2 Halsted's Ch. Rep. 482.

In an investigation like that now in hand, it is essential to bear in mind the situation of a dowress before assignment of her dower.—See Park on Dower, 335, 11 L. L. "Although the title of dower is consummate," yet it is a title to be endowed, not of an undivided third part of the entirety, but of a third part in severalty. She cannot select the particular parcel or parcels which she shall have for her dower. The act of assigning to her a third part in certainty must be performed by some other person. Until assignment, her title of dower will not protect her against a recovery in ejectment, and is, for most purposes, nothing more than a right of action, and is not transferable in any other mode "than by release to the terre-tenant by way of extinguishment." She cannot exercise any act of ownership. She has no right of entry, no seizin, and no estate. Her situation "has no resemblance to that of a person who has become entitled to a particular estate by way of remainder or springing use," and bears no analogy "to the case of coparceners, or *other persons becoming entitled to undivided interests;*" but it is an anomalous case, "standing upon its own peculiar circumstances, and neither borrowing nor affording any analogies."—See Green v. Putnam, 1 Barbour's Sup. Ct. R. 500.

In Park on Dower, 335, it is expressly laid down, that "*the mere possession* of the heir or *feoffee* can never become a bar to the title of a wife." Why? Because "neither the title nor the possession" of the heir or feoffee "is *adverse* to that of the claimant of dower; nor is it in any way inconsistent with it. The title to dower is involved with, and inherent in," that of the heir or *feoffee:* the seizin and possession of either, "although for himself, inures also to the benefit of the claimant in dower." Guthrie v. Owen, 10 Yerger's Rep. 339; Hogle v. Stewart, 8 Johns. R. 104; and other cases *supra.* See, also, Dowdall v. Byrne, Batt. (Irish) Rep. 373, and the comments thereon contained in Angell on Limitations, (second edition,) 402, 403, and in the note on page 403.

To embrace a suit for the assignment and recovery of dower within the act of limitations of 1843 above cited, would be to make that act affect a claim which is not

*adverse* either to the heir or alienee of the husband, and to render the possession, one way or the other, altogether immaterial to the statutory bar. For, if the statute will, in behalf of the heir or alienee, "bar the widow at all, it will do so in a case where, the lands being wild, neither party is in actual possession; nay more, the bar will exist in a case where the widow continues from the death of her husband to reside for (ten) years upon the premises in which she seeks to be endowed, and then brings her suit for the assignment of dower."—Guthrie v. Owen, *supra.*

For the reasons above stated, and upon the authorities above cited, we decide, that it was not the object of the act of 1843 to bar a suit for the assignment and recovery of dower, and that the present suit is not barred by that act, or by any other statutory provision.

We are aware, that a bar to suits or proceedings for dower, is created by the express words of section 1372 of the Code. But that applies only where the husband died *after the Code went into effect,* and therefore does not touch this case.

It may be conceded, that if the legal title had been barred at law by the statute of limitations, the court of equity, acting upon the analogy of the statute, might well have refused relief. Nimmo v. Stewart, 21 Ala. R. 682. But, as the right here asserted is a *legal* right, and is not barred at law by any such statute, it is evident the court of equity cannot refuse to enforce it upon the analogy of any such statute.

2. It is contended that the doctrine adopted by courts of equity for discountenancing stale claims, justifies the denial of relief in this suit. But, in our judgment, mere lapse of time, short of twenty years, independent of other equitable circumstances, does not authorize the court to treat the complainant's claim as stale, and to deny her relief: and we do not discover anything in the case, which justifies the refusal of relief.—See Campbell v. Murphy, Chapman v. Schroeder, and Ralls v. Hughes, *supra;* Hawley v. Cramer, 4 Cowen, 718.

It is clear from what we have above decided, that the chancellor erred in holding that the complainants are

barred of any relief under their bill by the statute of limitations of 1843, and in dismissing the bill.   As we must reverse his decree for the error in that respect, we deem it unnecessary to say anything as to his rulings in relation to the exceptions to interrogatories and evidence; except that his several decisions upon the exceptions, whether erroneous or not, must not be taken as preventing him or this court hereafter from considering the several questions covered by them, as open questions in this cause.

The decree is reversed; and a decree must be here rendered declaring that the complainants are entitled to relief; and remanding the cause, with directions to the chancellor to proceed to make such further decree and orders as may be necessary to ascertain and to secure to complainants the full measure of relief to which they are entitled.   The appellee must pay the costs of the appeal.