32 521
96 337

## OWEN vs. CAMPBELL.

[BILL IN EQUITY FOR ASSIGNMENT OF DOWER.]

1. *Dower not barred by statute of limitations, nor by staleness of demand.*—The act of 1843, (Clay's Digest, 329, § 93,) limiting "all actions for the recovery of lands, tenements, or hereditaments," to ten years after the accrual of the cause of action, does not apply to suits for dower ; nor is a court of equity authorized to treat a claim to dower as a stale demand, on account of the mere lapse of time short of twenty years, independent of other equitable circumstances.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

THE original bill in this case was filed by Mrs. Louisa S. Owen, on the 7th February, 1853, and sought an allotment of her dower in three city lots in Mobile, of which her deceased husband, George W. Owen, who died in 1837, was seized and possessed during coverture. The only defendant to the original bill was James Campbell, who answered on the 5th March, 1853; admitting that

34

he was in possession of one-third of the lots, and averring that the remainder was in the possession of F. V. Cluis and William P. Hammond. The complainant thereupon amended her bill, and brought in Cluis and Hammond as defendants. All the defendants pleaded the statutes of limitations of five and ten years, and insisted on the staleness of the demand as a bar to the relief sought. The chancellor held the complainant entitled to relief against Campbell, but barred by the statute of limitations of ten years as to the other defendants; and rendered a decree accordingly, which the complainant now assigns as error.

JNO. T. TAYLOR, for the appellant.

P. HAMILTON, and JAS. H. CAMPBELL, contra.

RICE, C. J.—In Ridgway v. McAlpine, at the present term, we decided, that prior the Code, there was no statutory bar, in this State, to a suit for the assignment and recovery of dower; that mere lapse of time short of twenty years, independent of other equitable circumstances, would not authorize a court of equity to treat the claim of dower asserted in such suit as stale; and that there were no circumstances in that case which justified the refusal of relief. Upon the authority of that case, the decree of the chancellor in the case at bar is reversed, and a decree here rendered, declaring that the complainant is entitled to relief against all the respondents; and remanding the cause with directions to the chancellor to proceed to make such further decree and orders as may be necessary to ascertain and to secure to complainant the full measure of relief to which she is entitled. The appellees must pay the costs of the appeal.