# Barksdale *v.* Garrett.

*Bill in Equity by Widow, for Assignment of Dower.*

64    277
96    337

64    277
100   672

64    277
108   424
108   559.

1.  *Dower; statutory bar.*—The statutory bar to a proceeding by the widow for an assignment or allotment of dower is three years (Code, § 2251); but this statute only applies where the lands were aliened by the husband in his life-time.

2.  *Same; staleness of demand.*—Although there is no statutory bar to the widow's right of dower in lands which were not aliened by the husband, but

[Barksdale v. Garrett.]

were sold by his administrator under an order of the Probate Court; yet, a court of equity, acting on its own principles, will consider the demand as stale, and will refuse relief, when more than twenty years have elapsed since the death of the husband, and there has been no recognition of the widow's right by the purchaser at the administrator's sale, or the persons holding under him.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. H. AUSTILL.

The original bill in this case was filed on the 18th February, 1879, by Mrs. Jane Barksdale, against James M. Garrett, William M. Garrett, and M. L. Garrett; and sought an allotment of dower in certain lands, which were in the possession of the defendants, and which had belonged to Joel Burt, who died on the 28th November, 1858, and who was the complainant's husband at the time of his death. The bill alleged the complainant's marriage with Burt, his seizin of the lands during coverture, and his death at the time above stated; also, that the lands were sold on the 9th November, 1868, under an order of the Probate Court, by John A. Tyson, the administrator of said Burt, and were bought at the sale by R. M. Williamson, at whose instance they were conveyed by the administrator, under an order of the Probate Court, in March, 1873, to the Garretts, who took possession, and were still in possession when the bill was filed. The chancellor sustained a demurrer to the bill, on the ground that the demand was stale, but granted leave to amend; and an amended bill was then filed, containing the following additional averments: "After the death of said Joel Burt, oratrix intermarried with one W. J. Barksdale, about the latter part of 1864, and resided with him from about the year 1866 until after his death, which occurred about one year and a half before the filing of the original bill in this cause, in the State of Arkansas": "The estate of said Burt was administered by various persons, up to about 1866; and no one of the administrators, previous to the appointment of said Tyson, which occurred about 1866, remained long as such administrators; but a large portion of the time, previous to 1866, after the death of said Burt, was taken up in contests as to the right to administer on said estate": "In February, 1865, oratrix filed in said Probate Court her application for dower in the lands of said Burt's estate, in due and proper form, verified as by law required; and said court took jurisdiction of said application, and made orders, and fixed a day for the hearing; but, soon after filing said application, the Federal forces took possession of said county, and interrupted all civil proceedings": "C. W. Cottingham, who was the administrator of said estate when said application was filed, soon thereafter resigned, and said Ty-

[Barksdale v. Garrett.]

son was appointed his successor; and said Probate Court, for some reason unknown to your oratrix, failed to have said dower assigned, though said Tyson continued to administer said estate until about December, 1878": "During the time of her residence in Arkansas, as above stated, complainant wrote to various attorneys in said county of Lowndes, to have her interest in said estate protected; but could never have any steps taken in said matter, until after the death of her second husband, and her return to said county, which was about the first of 1878." The chancellor again sustained a demurrer to the bill, on the ground of staleness, and dismissed it; and his decree is now assigned as error.

Cook & Enochs, and W. R. Houghton, for appellant. Lapse of time, or staleness, is a bar to relief in equity, only "when there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights."—2 Story's Equity, § 1520. In this case, neither of these things is shown. The lands were not conveyed to the defendants, under the order of the Probate Court, until March, 1873; and until that time, the title to the lands was in the estate, and the holding of the administrator was not adverse to the claim and right of the widow.—*Ridgeway v. McAlpine*, 31 Ala. 458. It was not her duty to institute proceedings to obtain an allotment of dower, but the duty of those interested in the fee, or of the administrator.—*Shelton v. Carroll*, 16 Ala. 145. Yet the complainant did make an application to the court, in due time, and the court took jurisdiction of it; and the failure of the court to proceed with the matter, cannot be attributed to her as negligence. No presumption of settlement or relinquishment of the right can arise, until the lapse of twenty years without any claim or assertion of the right; and this is the doctrine of the cases cited for the appellees. Here, there was an assertion of the right within that time, and the complainant's long-continued non-residence is sufficient to absolve her from any charge of laches in not conducting it to a successful termination.

Clopton, Herbert & Chambers, *contra*, cited 2 Scribner on Dower, 531; *Ralls v. Hughes*, 1 Dana, 407; *Robinson v. Millar*, 2 B. Monroe, 287; 2 Story's Equity, § 1520; *McArthur v. Carrie*, 32 Ala. 93; *Harrison. v. Heflin*, 54 Ala. 552; *Ridgeway v. McAlpine*, 31 Ala. 464; *Owen v. Slatter*, 32 Ala. 521; *Benagh v. Turrentine*, 60 Ala. 557; *Kennedy v. Reynolds*, 27 Ala. 364; *Jackson v. Haviland*, 13 Johns. 229; *Goodwin v. Baldwin*, 59 Ala. 129.

BRICKELL, C. J.—The lands in which dower is claimed are not, by any averment of the bill, shown to have been the last dwelling-house of the husband, or the plantation connected therewith, possession of which the widow was entitled to retain until her dower was assigned; nor does it appear that, any time subsequent to the death of the husband, the widow ever had possession of them. The right to dower was consummated by the death of the husband; yet it did not confer a right of entry, nor the right to take the rents and profits, nor any right of ownership.— *Weaver v. Crenshaw*, 6 Ala. 873. Her right lay in action, and it was to compel the assignment to her of a third part of the lands in severalty. Scribner on Dower, 26.

It was early settled in England, and the doctrine was adopted in many of the States, that the widow's remedy for the assignment of dower was not within the operation of the statute of limitations.—*Ridgeway v. McAlpine*, 31 Ala. 458. The reason is thus stated by RICHARDSON, C. J., in *Barnard v. Edwards*, 4 N. H. 109: "The statute applies only to actions, entries, and claims, founded on some previous seizin or possession of the lands, tenements, or hereditaments demanded, from which seizin or possession the time of limitation may be dated, and dower is not within the statute. For we have decided, that dower can not have a limitation dated from the seizin of the husband.—*Moore v. Frost*, 3 N. H. 126. And it is clear that a limitation of dower cannot be dated from the seizin or possession of the demandant, because she can not have either until dower has been assigned her." When the claim or rights of an alienee of the husband are involved, or of any one claiming under such alienee, the statute now requires, that proceedings for the assignment of dower shall be commenced within three years after the death of the husband.—Code of 1876, § 2251. This is the only statute we have, which creates a bar from the lapse of time to the assignment of dower; and it must be observed that it only applies when there was an alienation by the husband, and is incapable of extension to a case like the present, where the alienation was after the death of the husband, by his personal representative, under a decree of the Court of Probate.

While the statute of limitations may not operate, *proprio vigore*, a bar to the assignment of dower, the right and claim may, in the judgment of a court of equity, from the lapse of time become stale; and acting upon its own peculiar principles, the court, upon considerations of public policy and general convenience, may refuse to intervene for the relief of a dowress, who has slept upon her rights. "Nothing can call forth this court into activity, but conscience, good faith, and

[Abraham v. Alford.]

reasonable diligence."—*Smith v. Clay*, 3 Bro. C. C. 639, note. When twenty years are suffered to elapse from the consummation of the right of dower, in the absence of evidence which shows a recognition of the right by the parties whose estate is affected by it, without the assertion of the right by one of the appropriate remedies provided by law, a conclusive presumption of its extinguishment arises, not only in courts of equity, but in courts of law.—*Ridgeway v. McAlpine*, 31 Ala. 458; *Owen v. Campbell*, 32 Ala. 521; *Harrison v. Heflin*, 54 Ala. 552; *McArthur v. Carrie*, 32 Ala. 75; *McCartney v. Bone*, 41 Ala. 533. No such recognition is averred in the present bill, and the only excuses for the long delay in the assertion of the right, and acquiescence in a possession hostile to it, when analyzed, resolve themselves into a mere want of diligence on the part of the demandant. A proceeding instituted within proper time, in a court of competent jurisdiction, was neglected and abandoned; and more than ten years thereafter, when purchasers from the personal representative had passed into quiet possession, reposing on a title derived from a court of competent jurisdiction, she is quickened into the assertion of her rights. Under our decisions, supported, as we believe, by the highest considerations of public policy, twenty years acquiescence in the assertion of adverse rights, ripens into a positive bar. Of it the diligent can have no cause of complaint, and the negligent are silenced.

We find no error in the decree of the chancellor, and it must be affirmed.