# Elyton Land Co. v. Denny.

*Bill in Equity for Allotment of Dower.*

1. *Dower, when right to is barred* —The statute (Code, § 1913) providing that "all proceedings or suits for dower, when the claim or rights of an alienee of the husband, or any one claiming under such alienee, are involved in such suit or proceedings, must be commenced within three years after the death of the husband, and not after," does not apply except where the husband has aliened the land in his lifetime ; and where there was no such alienation by the husband there is no statutory bar to the widow's right of dower, and it requires twenty years to raise the presumption that her claim to dower has been relinquished or otherwise barred or cut off.

APPEAL from the City Court of Birmingham.
Heard before the Hon. H. A. SHARPE.
This was a bill in equity filed by Rebecca E. Denny

against the Elyton Land Company and others, for an allotment of dower in certain lands described in the bill. The bill alleged that Jacob Bagley, a former husband of the complainant, was seized in fee of said lands during their marriage and at the time of his death, which occurred in April, 1875, "and that said Jacob Bagley never alienated said described land or any part thereof." The bill was filed March 23. 1891. The Elyton Land Company demurred to the bill on the grounds, that the claim of the complainant is a stale demand, and that it appears from the bill that the complainant has been guilty of laches in asserting her alleged claim. The demurrer was overruled, and the defendants appeal.

ALEX. T. LONDON, for appellants.

BROOKS & BROOKS, contra.

STONE, C. J.—This case is not distinguishable in principle from *Ridgway v. McAlpine*, 31 Ala. 458, and *Owen v. Campbell*, 32 Ala. 521.

Under the Code of 1852, § 1372, the widow's claim of dower was barred, unless proceedings for its allotment were instituted within three years after the death of the husband. By act approved February 8, 1858—Sess. Acts, 47—that section was so amended as to read, "All suits or proceedings for dower, *when the claim or right of an alienee of the husband, or any one claiming under such alienee, are involved in such suit or proceedings*, must be commenced within three years after the death of the husband, and not after." That statute has not been materially changed from that day to this.—Code of 1867, § 1643; Code of 1876, § 2251; Code of 1886, § 1913. It results that, in all cases of asserted dower right, except those in which the husband aliened the lands in his lifetime, there is no statutory bar to the asserted right. It requires twenty years to raise the presumption that the claim was relinquished, or otherwise barred or cut off.—*Barksdale v. Garrett*, 64 Ala. 277.

It is not shown in this record that Bagley, through whom defendant claims, aliened the lands in his life-time. The City Court did not err in overruling the demurrer to the bill.

Affirmed.