# Elyton Land Co. v. Denny.

*Bill in Equity to Have Dower Assigned.*

1. *Amendment; continuance.*—Amendment of a bill by striking out an unnecessary party, between whom and the other defendants there was no interest, does not entitle the other defendants to a continuance under the statute, as parties "against whom the amendment is allowed."

2. *Refiling overruled demurrer.*—When a demurrer has been overruled, the mere fact that the bill is dismissed as to an unnecessary defendant, having no connection with the demurrer, does not entitle the demurrant to refile the same.

3. *Adverse possession of land as affecting widow's right to assert dower.*—Adverse possession of land for any period less than twenty years(except as to an alienee of husband),after the accrual of the right to dower, does not bar the widow's suit therefor, and such possession must be open, notorious, uninterrupted and continuous. Occasional acts tending to show possession, but which were disconnected, not continuous, and of brief duration, do not constitute such adverse possession as is contemplated by the law.

4. *Examination of witnesses by commissioner; discretion of court as to suppression of deposition.*—A commissioner taking testimony on an oral examination should not rule on the admissibility of evidence, or disallow questions. His duty is to take down the questions and answers and submit them to the court for decision. However, if the evidence rejected by the commissioner be illegal, or the questions merely seek to re-open an examination already closed, the chancellor, in his discretion, may refuse to suppress the depositions, and his rulings in that respect will not be reviewed on appeal.

5. *Execution and contents of lost deed; how proved.*—The proof of the contents of a lost paper, ought to be such as to leave no reasonable doubt as to the *substantial facts* of the paper; the proof should be such as to furnish clear, full and satisfactory evidence of what it contained.

APPEAL from City Court of Birmingham.

Heard before Hon. W. W. WILKERSON.

The bill in this case was filed on March 23, 1891, by Rebecca E. Denny, the appellee, for the purpose of hav-

ing dower assigned to her in certain lands in Jefferson county, specifically described in the bill, of which it was alleged Joab Bagley, who was her former husband, died seized. The heirs of Joab Bagley, the Elyton Land Company, and certain other persons, who were alleged to be in possession of certain parts of the land, in which dower was sought to be assigned, as purchasers from the Elyton Land Company, were made parties defendant to the bill. The Elyton Land Company demurred to the bill on the ground that the claim of complainant was a stale demand, and that it appeared from the bill that she was guilty of laches in asserting her claim. This demurrer was overruled and on appeal to this court the decree of the lower court was affirmed.—96 Ala. 336. Subsequently, on September 15, 1892, the complainant, without notice to the other defendants, asked for, and obtained leave to amend her bill by striking out therefrom, wherever it occurred, the name of S. W. John, who was one of the original defendants, and dismissing the bill as to him. After the filing of this amendment, the Elyton Land Company asked leave to refile to the bill as thus amended, the demurrer which was interposed to the original bill. On motion of complainant, this demurrer was stricken from the file. The Elyton Land Company then filed certain pleas to the bill as amended, which pleas, on motion of complainant, were stricken from the file. Thereupon the Elyton Land Company moved the court for a continuance of the cause, which motion was overruled. The facts in reference to these rulings, as well as other facts necessary for a full understanding of the decision on the present appeal, are sufficiently stated in the opinion. On the final submission of the cause, on the pleadings and proof, the chancellor rendered the following decree : This cause coming on this day to be heard for final decree on the pleadings, proof and note of testimony, and it appearing to the satisfaction of the court that complainant was married to and became the lawful wife of Joab Bagley on the 21st day of May, 1848, and so continued until the time of his death, and that on the 15th day of July, 1854, Joab Bagley became and was seized in fee of the land in the bill of complaint described, and so continued until the time of his death, and that he departed this life on the 27th day of April, 1875, it is decreed that complain-

ant is entitled to the relief prayed for, and to be endowed of the land in the bill described, and it appearing that certain of the defendants claim to be tenants of certain portions of said land as purchasers thereof from the Elyton Land Company, and that improvements have been made on said lands, it is ordered that it be referred to the clerk and register of this court to inquire and ascertain what parts, if any, of said lands were granted by said Elyton Land Company, at any, and what time, or times, before the commencement of this suit, to S. B. Garrett, John Crowder, the Highland Avenue & Belt Railroad Company, respectively, and whether or no dower can be severally assigned by metes and bounds in each of said parcels of land granted as aforesaid to the three persons last named, so that the complainant may hold and enjoy the same in severalty, as and for her dower interest in each parcel thereof, without prejudice to the just rights of either party. And that an account be taken of the annual rents and profits, together with the annual interest thereon, of each of said parcels of land (exclusive of improvements thereon), which was granted to said Garrett. Crowder, and Highland Avenue & Belt Railroad Company, respectively, by the Elyton Land Company, from the time of Bagley's death to the time of the report. And that an account be taken of the annual rents and profits, together with the annual interest thereon, of each of said parcels of land, together with the improvements thereon, from the time or times the same were granted to the said Crowder, Garrett and Highland Avenue & Belt Railroad Company, respectively, by the said Elyton Land Company, to the time the report is made. It is further ordered that an account be taken of the annual rents and profits, together with the annual interest thereon, of the whole of said land (saving and excepting such portions thereof as were granted by the said Elyton Land Company before the commencement of this suit to said persons hereinbefore named, or either of them), first, exclusive of the improvements thereon, and second, together with all the improvements thereon, from the time of the death of the said Bagley to the date of the report, and to inquire and ascertain, if any and what portion of said land is woodland and of but little rental value." The Elyton Land Company appeals from this decree, and assigns as error

the interlocutory rulings of the chancellor, and his final decree, and the orders of reference therein.

ALEX. T. LONDON, for appellant.

Striking out and adding parties are necessarily material amendments and are put on the same footing by the statute as other amendments, and entitled this appellant to a continuance. Any amendment however trivial authorizes a defendant, though not required to answer, to put in an answer making an entirely new defense and contradicting his former answer.—1 Dan. Ch. Pr. 409 ; *Basanquit v. Richardson,* 4 Sim. 575 ; *Richardson v. Richardson,* 5 Paige, 58; *Bowers v. Idley,* 6 Paige, 46, 51 ; *Trust & Fire Ins. Co.,* 8 Paige, 589, 592.

A defendant whose demurrer has been overruled may demur again if plaintiff has amended the bill by adding another plaintiff.—*Moore v. Armstrong,* 9 Paxt. 697. And after a bill has been amended the demurrers must be refiled, or they are waived.—*Voltz v. Voltz,* 75 Ala. 555, 569.

The demand is stale, and after such length of time the court will presume everything necessary to support a possession which is shown to have been continuous in its character.—*Hillary v. Waller,* 12 Vesey, 239 ; *McCarthy v. McCarthy* 74 Ala. 546 ; *Wilson v. Holt,* 83 Ala. 528, 540 ; *Mathews v. McDade,* 72 Ala. 377, 388 ; *Garrett v. Garrett,* 69 Ala. 429 ; *McArthur v. Carrie,* 32 Ala. 75 ; *Knabe v. Burden,* 88 Ala. 436, 441 ; *Gosson v. Ladd,* 77 Ala. 223, 235 ; *Long v. Parmer,* 81 Ala. 384 ; *Woodstock Ins. Co. v. Fullenwider,* 87 Ala. 584.

BROOKS & BROOKS, for appellee.

No brief came to hands of the reporter.

HARALSON, J.—1- There was no necessity in the beginning to have made S. W. John a party defendant to the bill. Neither the main defendant, the Elyton Land Co., nor any other defendant, had any interest in his being or not being a party. There was no joint interest between him and them. The amendment by which he was stricken out,—made in term time, on the 15th September, 1892,—was, in no sense, an amend-

ment *against* the Elyton Land Company, or any other defendant, and gave to neither any right to a continuance of the cause. The statute provides for a continuance, "as a matter of right," on account of an amendment, when it is "allowed at the hearing, to bill or answer," and in favor of the party "against whom the amendment is allowed." The application for a continuance, at a subsequent term of the court,—28th February, 1894,—based on the said amendment, dismissing the bill against said John, was wholly lacking in merit, and was properly overruled. It was allowed at a previous term, and not against the interest of any defendant to the bill.

2. When the bill was filed, the defendant, The Elyton Land Co., interposed a demurrer to it, based on several grounds. It was overruled, and on appeal to this court, the decree of the lower court was affirmed. This defendant, we infer, when the cause returned to the lower court, proposed to refile the same demurrer when there had been no amendment made to the bill, except its dismissal against the said S. W. John. The demurrer as refiled does not appear in the transcript, but the motion to strike, and the decree therefor do appear, and from statements of counsel in their briefs, it may be assumed that the original demurrer was either refiled without leave, or proposed to be refiled. There was no error in not allowing the demurrer to be refiled. It had been condemned by this court, and dismissal of the bill against said John, to whom the demurrer in no wise related, offered no justification for its refiling.

3. Another ground of error as assigned, is that the court erred in striking the pleas of appellant from the file. The motion of the complainant to disallow the pleas, stated that they were filed without leave of the court, on the 27th of February, 1894, and the order of the court striking them from the file, recites that they were filed on that date. It does not appear in the transcript, that any pleas were filed on the 27th of February, 1894. On the 28th of February, 1894, it does appear, that the defendant amended its answer to the bill, which amendment appears indorsed, "Amendment to bill," and recites in the beginning, "The defendant, The Elyton Land Company, by leave of the court, comes and for pl a o the bill of complaint as amended, amends its

answer as heretofore filed, by adding thereto the following: '6. For further answer defendant says &c.'" The substance of the amendment is, that on the death of Joab Bagley, the husband of complainant, in the year 1875, one Wm. J. Eubank was duly appointed his administrator by the probate court of Jefferson county; that on the 11th of October 1875, on the application of said administrator, the probate court, by due proceedings therefor, allotted dower to the complainant in certain lands described in the petition, (other than those in which dower is now sought) which belonged to her deceased husband; that complainant accepted the dower so assigned to her, and entering into the possession thereof, in 1879, sold and conveyed all her right and interest in them, to one Sterrett; that at the time of the assignment of this dower to her, dower in the lands described in the bill might have been assigned to her, if she was entitled thereto; that the lands described in the bill has been in the quiet and peaceable possession of defendant, and those under whom it claims and those claiming under it, for more than twenty years before the filing of the bill, and more than fifteen years since dower was assigned to complainant in the other lands of her deceased husband; that in 1875, the lands described in the bill were wild, rough lands, of small value, and since that time, the defendant has caused them to be surveyed and laid off into lots and blocks, and they are now worth 40 or 50 times as much as they were in 1875. It is further averred, that the complainant is, by such proceedings and the acceptance of the lands allotted to her, and by her long acquiescence therein, barred of her right to claim dower in the lands mentioned in the bill.

There is nothing here set up, if said amendment be treated as a plea, to bar complainant in this suit. The fact that she had been endowed of other lands of her husband, did not prevent her from dower in those described in the bill, unless she was otherwise barred. The fact that defendant, and those under whom it claims, had been in the quiet and peaceable possession of said lands for fifteen or any number of years short of twenty, would not bar complainant. "It requires twenty years to raise the presumption, that the claim was relinquished or otherwise barred or cut off."—1 Brick. Dig 619, §§ 105, 106; *Elyton Land Co, v. Denny*, 96 Ala. 337.

Her right of dower certainly, did not accrue, and could not have been asserted, until her husband died in 1875, (*Boyd v. Harrison*, 36 Ala. 338), and unless her husband aliened the land in his lifetime, her claim, at the time of the filing of this bill,— March 23rd, 1891—was neither stale nor barred.—*Elyton Land Co. v. Denny*, 96 Ala. supra; *Barksdale v. Garrett*, 64 Ala. 277. So, if it be allowed that the court rejected the said amendment as a plea, there was no error, since it was within the discretion of the court to do so at that late date,—some twenty months and a number of continuances after answer filed; and for the further reason, that it does not set up a good defense against the bill. Moreover, this paper was filed as an amendment to the answer, and the defendant got the full benefit of it as such on the trial, having been allowed to introduce evidence to sustain it.

4. On the direct examination of the complainant, she testified, that before her husband's death, his papers were put by him in a small trunk. On the cross examination she stated, that after his death, Mr. Eubank, the administrator, came and got some papers, but what papers he got she did not know; that she gave the trunk to a little child, and the last she saw of it, it was under the house, and she did not know what became of it; that the papers left in the trunk did not seem to be of much importance, and that she looked over them but did not know what they were or whether they had been destroyed or not. She had been examined in chief and on the cross about certain deeds and conveyances, and the purpose of the complainant was to show that there was no deed in the trunk, and on the part of defendant, that there might have been one in it. On the re-direct examination, she testified, that there was no deed among the papers. After the examination had closed, defendant's counsel proposed to ask the witness the questions: "How do you know that there was no deed in the little trunk? Do you know what a deed is?" "Explain what a deed is?" on the ground, that the matter about the deed in the trunk was new, drawn out, on the re-direct examination, as to which he had a right to cross-examine the witness. The complainant's counsel objected, on the ground, that the examination was closed; that it appeared from the testimony that the witness had been examined and cross-examined in reference to deeds, and that the proposed re-cross-examination was not allowable.

A commissioner taking evidence on oral examination, generally, should not assume to pass on the legality or relevancy of evidence, and to disallow any question that is propounded. His business is to write down the questions and the objections to them, if any, and put down the answer, referring the legality or relevancy of the evidence to the court. In this instance, the commissioner sustained the objection interposed to the re-cross-examination of the witness, and declined to take the answers to the questions. It was manifestly not new matter, called out on the re-direct examination as to which defendant proposed to further examine the witness, and counsel had no right to re-cross on it. If the examination had been before the court, it would have been a matter of discretion with the court to allow, and not of right in the defendant to have the questions answered. The court declined to suppress the deposition on account of this ruling of its commissioner, and in exercising this discretion there was no error.

5. The only remaining question in the case, that needs to be considered is, whether or not Joab Bagley, the former husband of complainant, in his life time, sold and conveyed the land described in the bill, to W. W. Brown, under whom, by mesne conveyances, the defendant claims title. If he did, as is contended by defendant, complainant is not now entitled to dower. If he did not, as complainant contends is the fact, she is dowable of the said lands.

The complainant proved title in her husband, through a certified copy of a patent to the land, issued by the United States Government to him, in the year 1854; that she and her husband lived in Elyton, about two and a half miles from the land in controversy; that the land was unenclosed, vacant woodland, until about the year 1886, the Elyton Land Company built, and since then it and its grantees have operated, a dummy railroad line for about half a mile through and across it; that the greater portion of the land is still unenclosed, vacant woodland, all the improvements thereon, except the dummy track, being some six or eight dwelling houses, the first of which was built in 1887 or 1888; that Joab Bagley died intestate, in April, 1875, and dower has never been assigned to complainant in said lands; that Bagley left nothing among his papers to indicate to com-

plainant that he ever owned said land, and she was ignorant till just before the bill was filed of its location, or that her husband ever owned the same. She also swore that she never saw a deed from her husband to W. W. Brown, the alleged alienee of her husband, and grantor of defendant, and that she never signed any such deed. to said land. The bill was filed in less than sixteen years after the husband's death.

Appellant contends that Bagley conveyed these lands to W. W. Brown, in 1870, and Brown conveyed them in December, 1870, to Josiah Morris, and Morris and wife, to the Elyton Land Company in February, 1871. To show alienation from Bagley to Brown, appellant relies principally upon the evidence of said W. W. Brown. The complainant objected to the competency of Brown to testify, on the ground that his evidence related to a transaction between him and Bagley in which the estate of the heirs of the latter were directly interested, and because a sufficient predicate had not been laid by defendant for introducing secondary evidence of the contents of a deed alleged to be lost. Waiving a consideration of these questions, not now before us, and regarding them as properly ruled in favor of appellee, we are constrained to hold, that defendant has not established a conveyance of said land by said Bagley during his life. Brown says, ''I swapped 80 acres of land to him, for 80 acres nearer to me. I gave him this deed here, last testified about, and he gave me a deed. My deed called for 80 acres and his called for 80 acres also.'' He also said that Bagley and his wife, the complainant, signed the deed. But he swore that he did not see it signed, and that he did not know the handwriting of either Bagley or his wife. It is not shown by him, that said instrument was either attested, acknowledged or recorded. He also swore, that he was unable to say what words the alleged deed from Bagley to him contained, how many lines it contained, or what any line contained, how the land was described,—by boundaries or numbers,—nor whether there was any consideration expressed in the deed, or if so, what it was. ''The *factum* of a written instrument may be shown without its production, or accounting for its absence, but not its contents or legal effect. Though the witness may call it a deed or conveyance, this is not proof that it is a deed.''—*Hancock v. Kelley*, 81 Ala. 378.

36

"The proof of the contents of a lost paper, ought to be such as to leave no reasonable doubt as to the *substantial parts* of the paper." The proof should be such as to furnish clear, full and satisfactory evidence of what it contained,—of its substantial parts.—*Potts v. Coleman*, 86 Ala. 100 ; *McBride v. Rhodes*, 69 Ala. 134 ; *Jacques v. Horton*, 76 Ala. 246 ; *Skeggs v. Horton*, 82 Ala. 352 ; *Shorter v. Sheperd*, 33 Ala. 658. The evidence proposed falls far short of proving that there was such a deed, and what its contents were. All the other evidence adduced by defendant, such as that complainant had delayed for over fifteen years to assert her claim ; that Morris, whose purpose it was, through a company to be formed, to found a city, bought from Bagley and Brown, other adjacent lands ; that Brown conveyed to him this particular 80 acres ; that the titles to all these lands were submitted to Porter & Martin, attorneys employed to investigate the title, and the probabilities that they would not have reported Brown's title good, if Bagley had not conveyed to him, and such like evidence, is entirely irrelevant and lacking in legal sufficiency to establish the execution of a conveyance, by Bagley and complainant, to Brown of said land.

6. There is nothing in the defense, that the defendant company, and those under whom it claims, were in adverse possession of the premises for more than twenty years prior to the commencement of this suit. There is no proof that during that time, the occupation of appellants and those from whom they claim was open, notorious, uninterrupted and continuous. The proofs fail to show that there was any person in the occupation of the premises or any part of it, claiming title thereto, in hostility to the owner, from 1870 to 1887 or 1888. There were occasional acts tending to show possession, such as cutting wood by Brown, in 1880 ; running street lines in 1870 or 1871 ; surveying it into streets and blocks in 1882 ; grading a dummy line in 1884, and laying the track in 1886, but all such acts were disconnected, were not continuous, and of brief duration.— *Eureka Co. v. Norment*, 104 Ala. 625 ; *Parks v. Barnett, Ib.* 136 ; *Norment v. Eureka Co.* 98 Ala. 181 ; *Ross v. Goodwin*, 88 Ala. 390.

7, There is no error of which appellant can complain in the decree rendered. Every fact required to be as-

[Carter v. Chevalier.]

certained by the reference if not necessary for the final decree to be rendered, may be of service. If not, the ascertainment of them will do no harm. From them we may not now anticipate error.

Affirmed.