## Robertson, *et al. v.* Robertson, *et al.*

*Bill for Assignment of Dower.*

(Decided January 14, 1915.  68 South. 52.)

1. *Dower; Assignment; Bill by Heirs.*—Where a widow has failed to procure an assignment of her dower interest, the heirs of the intestate may, by bill in equity, have such dower assigned, unless precluded by their own acts.

2. *Same; Law Governing; Limitations.*—Where the death of the intestate occurred in 1896, the dower rights of the widow and the machinery for their assertion and effectuation is provided by section 1528, Code 1896, and the present statute of limitations is inapplicable.  (Section 3837, Code 1907.)

3. *Same; Lapse of Time.*—The fact that the heirs had delayed for nearly eighteen years after the death of the intestate before attempting to have the widow's dower assigned to her, did not bar their right to such equitable relief.

4. *Deeds; Construction; Conflicting Clause.*—If it is possible to do so, conflicting clauses in a deed should be reconciled, and if this cannot be done, the first clause must control to the exclusion of a later one.

5. *Same; Exception; Dower.*—Where, immediately preceding the description contained in two deeds, were the words, "reserving however, and excepting　*　*　*　all reversionary interest which the said parties or their heirs may or shall have in and to　*　*　*　lands　*　*　*　selected as dower　*　*　*　by　*　*　*　widow," and immediately following the covenant of warranty, these words, "the operation of this conveyance shall not, however, extend to　*　*　*　lands　*　*　selected or set apart　*　*　*　as dower" the ultimate reversionary interest of the grantors in the dower was excepted from the conveyance, although immediately after the description in the later of the two deeds appeared the words, "it being the intention of this conveyance to convey all the lands owned by said R. (the intestate) in T. county, at the time of his death."

6. *Exception; Reservation.*—Where the subject of a restrictive clause is of an estate in land less than the fee, and is incorporated in the granting clause, it is in nature an exception and not a reservation.

7. *Dower; Assignment; Exception in Deed.*—The fact that the term "selected" was used in an excepting clause in a deed, did not place the subject matter of the exception within the widow's unrestricted power of determination as to preclude the grantors from availing themselves of the legal method of ascertaining for the widow the particular estate excepted from the grant.

8. *Same; Limitation.*—Where such an exception retained in the grantor a definite part of the landed estate, their bill to have the widow's dower assigned was not barred on the ground that it asserted merely the contractual right; although not filed until nearly eighteen years after the death of the intestate.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Bill by J. W. Robertson and others against W. E. Robertson and others, for the purpose of having dower assigned to widow. From a decree granting relief, respondents appeal. Affirmed.

MCKINLEY, MCQUEEN, ALDRIDGE & SNOW, for appellants.

VAN DE GRAAF & SPROTT, for appellees.

MCCLELLAN, J.—James H. Robertson died intestate in 1896. At the time of his death he possessed a

landed estate of about 1,300 acres. There survived him a widow and several children of that union. There has not been any administration upon his estate, any indebtedness of his estate being discharged, and the personal estate being divided by agreement to which the widow and heirs and distributees were parties. On December 7, 1896, all of the heirs, except W. E. Robertson, of James H. Robertson, deceased, executed to their coheir, W. E. Robertson, a conveyance particularly describing the lands owned by the decedent at the time of his death, but this conveyance contained this language immediately preceding the description of the land: "Reserving, however, and excepting from the operation of this deed, any and all reversionary interest which the said parties or their heirs may or shall have in and to such part of said lands as shall be selected as dower or in lieu of dower by Mrs. S. A. Robertson, widow of the said James H. Robertson, deceased, to wit." Then describing the lands mentioned. It also contained this language immediately after the covenant of warranty: "The operation of this covenant of warranty shall not, however, extend to such part of said above described lands as may be selected or set apart unto the said Mrs. S. A. Robertson as dower or in lieu of dower."

On February 17, 1897, the same grantors executed to the same grantee another deed exactly like that of December 7, 1896, except that immediately after the description of the land this language was inserted: "It being the intention of this conveyance to convey all the lands owned by said Robertson in Tuscaloosa county, at the time of his death."

The widow was not a party to either of these conveyances. She then resided and has ever since resided on the land owned by her husband at his death.

(1.) This bill is filed by the grantor heirs in these conveyances for the purpose of having the widow's dower assigned to her. Unless concluded by the conveyances, or by effects resulting from them, the theory of the bill is unassailable.—*Callahan v. Nelson,* 128 Ala. 671, 29 South. 555.

(2, 3) The death of the intestate having occurred in 1896, the statutes touching the dower rights and prescribing methods for their assertion and effectuation in the Code of 1896 are applicable and govern. The statute of limitation in respect of the assignment of dower as it now prevails is not applicable.—Code 1907, § 3837; *Vaughn v. Vaughn,* 180 Ala. 212, 60 South. 872. Under the statutes then (1896) of force and effect, the only limitation fixed was that of three years in cases where the husband had, in his lifetime, aliened the land. —*Elyton Land Co. v. Denny,* 96 Ala. 336, 11 South. 218. The widow's right to have dower assigned has been long held to exist and to be available to her for 20 years after the husband's death.—*Elyton Land Co. v. Denny, supra; Barksdale v. Garrett,* 64 Ala. 277, 38 Am. Rep. 6. The period of prescription then afforded the conclusive time measure for a bar. We know of no compelling reason why the heir's right, under the law prevailing before the Code of 1907, to have dower assigned should be concluded by a different period. So, if the heirs (complainants) are not otherwise concluded, the mere lapse of time, even near 18 years, after the intestate's death will not effect to deny them the right to invoke equity to action in the premises. It is manifest that, if the before quoted expression of intention by the grantors, an expression that marks the only difference between the conveyances of February 17, 1897, and of December 7, 1896, had been omitted from the conveyance of later date, there would have been af-

forded no basis for a contention that conflicting expressions of intent appeared in the conveyance of February 17, 1897. But the interposition of this expression of intent creates a status calling for construction.

(4) It is the rule, grounded upon the presumption that conflicting expressions of intent are not purposely made in deeds, that the judicial duty is, if possible, to reconcile any repugnancy that appears; and, if that cannot be done, the former clause must control to the exclusion of the latter clause instituting the repugnancy.—*Wallace v. Hodges,* 160 Ala. 276, 281, 49 South. 312; *Petty v. Booth,* 19 Ala. 633.

(5) From the face of the conveyance of 1897, or from the faces of the two deeds of 1896 and 1897, it is entirely clear that the grantors entertained a particular intent to not grant the ultimate, reversionary interest in that part of a much larger area, which might be assigned to the widow for her dower. This intent was not only plainly expressed, but the additional precaution was taken to exempt the subject of the exception from the warranty made in the conveyances. With this intent made obvious by the plain language employed, the question is, Were the words added in the last conveyance, and alone distinguishing it from the first conveyance, intended to stipulate in immediate opposition and refutation of the intent so plainly set down in the preceding exception or reservation? We do not think so. It is well-nigh inconceivable that an intent to convey without exception or reservation would be attempted to be effected by following a specific exception or reservation with only an expression of such general nature. Within the duty indicated before, it is to be supposed, at least prima facie, that the exception or reservation was not intended to be destroyed by the later occuring general expression, or, to state it other-

wise, that both the general expression and the particular exception or reservation were intended to operate as harmonious expression, each with an effect not inconsistent with the other. Our opinion is that the general clause, interposed in the later deed, was intended to draw within the influence and effect of the conveyance all the lands owned by the intestate at his death, with the view, suggested doubtless by due caution, to averting the unintentional omission of any landed interest, so owned, that might not have been *certainly* included in the description, by government numbers, in the deed, and that this general expression was not intended to treat or to effect the *estate* passing to the grantee under the conveyance. It might quite reasonably have been supposed by the parties to the conveyances that an interval might or would intervene between the time the last conveyance was delivered and the time when dower should be assigned; and, in consequence of that fact, the parties desired the possession of the grantee (without impairing or attempting to impair in any degree the quarantine rights of the widow) to be assured against molestation by the grantors, who only sought to take out of the grant a reversionary interest, available after the full dower right had been enjoyed.

In view of the considerations stated above it is hardly necessary to say that the rule quoted in *McCombs v. Stephenson,* 154 Ala. 116, 44 South. 867, from section 837 of Devlin on Deeds, is not applicable in this instance.

(6) Our opinion is that, since the subject of the restrictive clause was of an estate in land less than the fee, and was incorporated in the granting clause, it was, in nature, an "exception," not a "reservation," as those

terms are defined in *Frank v. Myers*, 97 Ala. 437, 440, 11 South. 832; 13 Cyc. pp. 672-674.

(7) So, the application of the *exception,* if valid, to the status thus created, affects the matter of ascertainment of the subject of the grant; "for whatever is within the exception is excluded from the grant."—*Greenleaf v. Birth,* 6 Pet. 302, 310, 8L. Ed. 406. It is manifest that the purpose was to convey all the land owned by Robertson at the time of his death, except the reversionary interest in that part of the land in which dower was assigned to the widow. Such excepted estate was not granted. The terms used in definition of that *not* granted operate to read into the conveyance the legal methods for the ascertainment of the dower interest in respect of quantity of lands so charged, and for its assignment to, and investment in, the widow. The employment of the term "selected," in the excepting clause, did not commit to the widow an uncontrollable option in the premises which placed the subject-matter of the *exception* within her unrestricted power of determination. The reference to dower was with the intent to define, and having the effect of defining, the *area* of the land in which an estate was excepted from the grant. The area of the limit of the dower acreage fixed by law *for this widow* was appropriated to define the territorial extent of the exception from the grant. In this state of the provision defining the exception, it is clear that the conveyances themselves afforded and directed the employment of certain means for the specific ascertainment, in a legal mode, in the courts of the particular estate thus excepted from the grant.— 13 Cyc. p. 679. In short, the instruments themselves furnish the rule for the measurements of the exception and for the exact description of the land thus excepted. In such circumstances it cannot be said that

the description of the land excepted is vague, uncertain, or indefinite. Nothing was left to the widow's discretion. If, when assigned, she did not desire the use or enjoyment of the dower lands, that fact could not deprive the grantors of their rights to have the dower area ascertained as the law prescribed *for his widow,* and it is equally as certain that the widow could not defeat their right as heirs (*Callahan v. Neslon, supra*) to have dower assigned as the law provides.

(8) It is urged that the right this bill would assert is contractual only, arising from the conveyances, and that as a consequence the heirs seeking the assignment of the dower to the widow are barred after nearly 18 years of inaction. The exception being valid, as we have ruled, these heirs had not completely severed by grant *all* interest in the landed estate left by the intestate. The exception itself retained in them a definite part of the landed estate so descending to them. In other words, these heirs expressly excluded from the operation of their conveyances the very subject-matter on which the law rests the heirs' right to have dower assigned.

There was no error in overruling the demurrer. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.