142 So.2d 924

**G. W. PETCHER**

v.

**L. V. ROUNSAVILLE, Jr., et al.**

**I Div. 866.**

Supreme Court of Alabama.

June 21, 1962.

Granade & Granade, Chatom, for appellant.

Scott & Porter, Chatom, for appellees.

GOODWYN, Justice.

This is the second appeal in this case. The first appeal (Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324) was brought by Petcher from a decree overruling his demurrer to the bill. We reversed and remanded. On remandment, the bill was amended and Petcher's demurrer thereto was overruled. The present appeal is from that decree. (The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill in equity is not appealable.)

The original bill, set out in the opinion on the first appeal, was considered as having for one of its objects the quieting of title to the lands involved. That is left out of the amended bill.

The original complainants were L. V. Rounsaville, Jr., Doris Rounsaville Hooper and Mrs. B. D. Clark. The following were added as complainants by the amended bill: Mrs. L. V. Rounsaville, Sr., Wallace E. Turner, Howard Scott and Dennis Porter. The bill was further amended, following the death of Doris Rounsaville Hooper, by

alleging that said complainant had died intestate, without issue, and that her former interest in the property had become vested in L. V. Rounsaville, Jr., and Mrs. B. D. Clark, intestate's brother and sister, and Mrs. L. V. Rounsaville, Sr., intestate's mother.

The pertinent parts of the amended bill, including the prayer for relief, are as follows:

## "TWO

"L. V. Rounsaville, Sr., was the father of your Complainants, to-wit, L. V. Rounsaville, Jr., Doris Rounsaville Hooper, and Mrs. B. D. Clark and died intestate while a resident of the State of Mississippi in the year, to-wit, 1925. He was survived by his widow, Mrs. L. V. Rounsaville, one of the Complainants herein, and by his children above named, who are Complainants herein, as his sole and surviving heirs. At the time of his death the said L. V. Rounsaville owned the following described lands in Washington County, Alabama, to-wit:

"S ½ of SE ¼ of Section 15 and N[E] ¼ of NE ¼ of Section 22, Township 2 North, Range 4 West.

## "THREE

"On July 25, 1938, the said Mrs. L. V. Rounsaville executed and delivered to the Respondent a deed to the surface rights of the lands described hereinabove, a copy of which deed is attached hereto as Exhibit A, being recorded in Deed Book 82, at Page 553 of the Probate Court Records of Washington County, Alabama. [This deed purportedly conveyed title to the 120 acre tract except the oil, gas, and minerals, which were reserved.]

## "FOUR

"The Complainants admit that Mrs. L. V. Rounsaville, as the widow of the said L. V. Rounsaville, deceased, had a dower interest in the lands described hereinabove and, under the law of Alabama, had the right to sell and convey that said dower interest. Mrs. L. V. Rounsaville, Sr., is sometimes also known as Mrs. L. V. Rounsaville.

## "FIVE

"On October 7, 1955, the Complainants, (other than Howard Scott, Dennis Porter, and Wallace E. Turner) conveyed to the Complainant, Wallace E. Turner, an undivided ½ interest in and to the oil, gas and all other minerals on and under the lands described hereinabove, a copy of which mineral deed is attached hereto as Exhibit B and being recorded in Deed Book 105 at page 523 of the Probate Court Records of Washington County, Alabama.

## "SEVEN

"On June 7, 1956, the Complainants, (other than the Complainants Howard Scott, Dennis Porter, and Wallace E. Turner) conveyed to the Complainant, Wallace E. Turner, the surface rights only to the S ½ of the SE ¼ of Section 15, Township 2 North, Range 4 West, a copy of said deed is attached hereto as Exhibit D and is recorded in Deed Book 113 at page 258 of the Probate Court Records of Washington County, Alabama. [This deed purportedly conveyed title to said 80 acre tract, subject, however, to a reservation of an undivided one-half interest in the oil, gas, and minerals in said 80 acre tract.]

## "EIGHT

"Complainants allege that the Respondent has cut timber off of said lands on several occasions; that as the equitable owner of the dower interest of Mrs. L. V. Rounsaville, he had no right to commit waste; and that the value of the timber so cut and removed

by him should be off-set against the value of the dower interest equitably owned by him when so ascertained by this Court.

"*NINE*

"The Complainants allege that the record title to the lands described hereinabove stands on the records in the office of the Judge of Probate in the following names and following interests:

"(a) The Respondent, G. W. Petcher, who is referred to in Deed Book 82 at page 553 as G. W. *Percher* [sic], owns an equitable dower interest in the surface rights of all said land of unascertained value which was formerly owned by the Complainants [sic], Mrs. L. V. Rounsaville.

"(b) The Complainants, Howard Scott and Dennis Porter, own, (subject to the said unascertained dower right value) the surface rights to the NE ¼ of the NE ¼ of said Section 22, Township 2 North, Range 4 West, and an undivided ½ of interest in the oil, gas and minerals thereon and thereunder. [Attached to the bill as Exhibit C is a deed dated March 24, 1956, from complainants, other than Scott, Porter and Turner, purportedly conveying this 40 acre tract to complainants Scott and Porter, subject, however, to the undivided one-half interest in the oil, gas, and other minerals conveyed to Turner as alleged in paragraph Five.]

"(c) The Complainant, Wallace E. Turner, owns, (subject to said unascertained dower right value), the surface right to the S ½ of the SE ¼ of Section 15, Township 2 North, Range 4 West, and an undivided ½ interest in the oil, gas and minerals on and under the said S ½ of the SE ¼ of Section 15 and NE ¼ of NE ¼ of Section 22, all in Township 2 North, Range 4 West.

"(d) The Complainants, Mrs. L. V. Rounsaville, Sr., Doris Rounsaville Hooper and Mrs. B. D. Clark, own an undivided ½ interest in the oil, gas and other minerals on and under the lands described hereinabove as being S ½ of SE ¼ of Section 15, Township 2 North, Range 4 West.

"*TEN*

"Complainants allege that Doris Rounsaville Hooper and Katie R. Hooper are one and the same person and that Mrs. B. D. Clark and Norma R. Clark are one and the same person.

\*     \*     \*     \*     \*     \*

"PRAYER FOR RELIEF

"Complainants pray that on the final hearing in this cause that they be granted the following relief:

"1. That the value of the dower interest of Mrs. L. V. Rounsaville in and to the surface rights of the lands described hereinabove be ascertained and made a lien on said lands in favor of the Respondent, subject however,

"2. To the Court ascertaining the value of the waste committed by the Respondent in cutting and removing timber from said lands and that said waste be used as an off-set against said dower interest, when ascertained.

"3. Complainants pray for general relief."

The bill contains no allegation that the land constituted any part of the homestead of L. V. Rounsaville, Sr. In fact, the bill seems to negative that status of the land.

Assuming, without in any way deciding, that this is an appropriate proceeding for determining the value of the widow's dower, the bill itself clearly shows on its face that such relief was not timely sought. The husband died in 1925 and the original bill was not filed until March 30, 1956, more-

than thirty years after the husband's death. What was said in Barksdale v. Garrett, 64 Ala. 277, 280–281, 38 Am.Rep. 6, in an opinion by Brickell, C. J., is conclusive here, viz.:

"* * * When twenty years are suffered to elapse from the consummation of the right of dower, in the absence of evidence which shows a recognition of the right by the parties whose estate is affected by it, without the assertion of the right by one of the appropriate remedies provided by law, a conclusive presumption of its extinguishment arises, not only in courts of equity, but in courts of law.—Ridgeway v. McAlpine, 31 Ala. 458; Owen v. Campbell, 32 Ala. 521; Harrison v. Heflin, 54 Ala. 552; McArthur v. Carrie's Adm'r, 32 Ala. 75; McCartney v. Bone, 40 Ala. 533. * * *"

See also the following later cases, viz: Robertson v. Robertson, 191 Ala. 297, 300, 68 So. 52; Robert Graves Co. v. McDade, 108 Ala. 420, 424, 19 So. 86; Elyton Land Co. v. Denny, 108 Ala. 553, 558–559, 18 So. 561.

Any question as to whether Petcher, as grantee under the conveyance from Mrs. L. V. Rounsaville, Sr., has any standing in equity to establish any rights he might have acquired thereunder, is not presented. If he has such standing, he seeks no relief in this proceeding.

There appears to be no question that complainants' asserted claim against respondent for the timber already cut and removed does not give equity to the bill.

The decree overruling the demurrer is reversed and the cause is remanded for entering by the trial court of a decree sustaining the demurrer.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.