## EARLE v. JUZAN.

1. One, not a party to a proceeding in the County Court upon a petition for the admeasurement of dower, cannot prosecute a writ of error to this Court, to reverse the judgment.

2. It seems that the proper remedy for one aggrieved by the judgment of the County Court, in such a case, is to remove it by *certiorari* into the Circuit Court.

Error to the Circuit Court of Washington.

THIS proceeding was commenced in the County Court of Washington by the petition of the defendant in error, to have dower assigned her in the lands of her husband, upon which the Court made an order, that a writ issue to the sheriff, commanding him to summon five freeholders, to lay off and admeasure to the petitioner, her dower in the lands mentioned in the petition, who accordingly proceeded to admeasure the dower.

From this order a writ of error was prosecuted by the plaintiff in error to the Circuit Court of Clarke county; which dismissed the writ. From that judgment this writ is prosecuted to this Court.

LESLIE, for the plaintiff in error.

ORMOND, J.—It does not appear from the record, that the plaintiff in error was a party to this proceeding in the County Court, and it is very clear, therefore, that he cannot prosecute a writ of error to reverse the order of the County Court.

The petition of the defendant in error, appears to be very defective; it does not state who are the heirs, or the tenants of the freehold, nor does it appear that any suggestion was made to the Court who they were, or notice given to them to appear and defend. Nor does it appear that notice was given to the executor, or administrator, to appear and contest the claim, or that notice was given in the gazette.

But however irregular, or illegal this proceeding may be, it

cannot be examined upon a writ of error, sued out by a stranger to the record. In the case of Cawthorn v. Weissinger, 6th Ala. Rep. 714, we had occasion to examine a question somewhat analogous to this. It is there laid down, that where a new jurisdiction is created by statute, and the Court, or Judge exercising it, proceeds in a summary mode, and not according to the course of the common law, a *certiorari* is the only remedy. If then, the plaintiff in error is aggrieved by the order of the County Court, made *ex parte* upon the petition of the defendant in error, he may obtain redress by a *certiorari* returnable into the Circuit Court; he cannot be heard upon this writ.

Let the writ of error be dismissed.