# Collier *v.* Alexander.

## *Common Law Action of Ejectment.*

1. *Husband and wife; power of wife to alienate lands, includes power to mortgage.*—The general power of a married woman to alienate her lands with the assent and concurrence of her husband, as conferred by the act approved Feb. 28th, 1887, "To define the rights and liability of the husband and wife," confers upon a married woman the unlimited power of alienation, so far as the character of the conveyance is concerned, and includes the power to execute a mortgage or deed of trust to secure her .debts.

2. *Conveyance by corporation; effect of corporate seal.*—In the execution of a written instrument by a corporation, the corpo-

[Collier v. Alexander.]

rate seal attached to such instrument is a sufficient testi-
monial of the authority of the person who signs the corpor-
ate name as its president to so execute the paper.

3. *Deed of trust; presumption after foreclosure.*—Where a deed of
trust given to secure the payment of a debt recites that upon
the written request of the beneficiary after default in the
payment of the debt, the trustee should take possession of the
property and sell it in execution of the trust, if the debt
secured by the deed of trust is transferred by the beneficiary,
and subsequently upon default in the payment of the debt,
the trustee executes the trust by selling the property, and
at the sale the assignee of the original beneficiary becomes a
purchaser, to whom the trustee executes a deed, it will be
presumed that the execution was according to the request of
the assignee properly and regularly made known to the
trustee.

3. *Husband and wife; res adjudicata as to mortgage being given to
secure husband's debt.*—Where in a suit in equity one of the
issues involved is whether a mortgage executed by a married
woman, conveying her separate property, was given to secure
the debt of her husband, and in the decree rendered it was
ascertained that said mortgage was not given to secure the
husband's debt, such question becomes *res adjudicata*· as be-
tween the mortgagor and persons claiming under the mort-
gage; and the fact that such decree was appealed from and
was pending at the time of an action of ejectment for the
lands included in the mortgage, but was not superseded, does
not authorize the introduction in the ejectment suit of evi-
dence touching the issue as to whether the mortgage was
given to secure the husband's debt, which was adjudicated
by the decree in the chancery court; but a record of the pro-
ceedings in said chancery suit is admissible in evidence.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a common law action of ejectment brought
by the appellee, Mrs. N. M. F. Alexander, against the
appellant, Mrs. E. F. S. Collier, to recover certain lands
specifically described in the declaration. In the decla-
laration there was made three separate and distinct de-
mises, one being laid in the Rome Fire Insurance Com-
pany, one in L. B. Stone as trustee, and the third in N.
M. F. Alexander. The defendant pleaded the general

issue of not guilty, and the trial was had upon issue joined upon this plea.

The plaintiff offered in evidence a certain deed of trust, executed and signed by Mrs. E. F. S. Collier, and her husband, B. F. Collier, to one L. B. Stone, as trustee, to secure an alleged indebtedness to Hamilton Yancey, Secretary and Treasurer of the Rome Fire Insurance Company. This deed of trust was executed on Jan. 30th, 1891, and was duly filed for record in the probate office of Etowah county on Feb. 16th, 1891. The deed of trust recites an indebtedness to said Yancey as secretary and treasurer of the Rome Fire Insurance Company, and conveyed the lands involved in this controversy which were described as belonging to Mrs. Collier. The deed of trust also contained the provision that if the debt it was given to secure, or any part of it, should remain due and unpaid at maturity, then upon the written request of said Hamilton Yancey as said Secretary and Treasurer, the said trustee should take possession of the property and after giving due notice sell the same at public outcry, &c. The defendant objected to the introduction of this instrument in evidence because it was incompetent and inadmissible testimony, and because said instrument was insufficient to convey the legal title for the reason that the property belonged to Mrs. Collier, who was a married woman at the date of the instrument, and the name of her husband did not appear in the body of the deed, as a grantor; and further because at the date of the execution of said instrument, Mrs. Collier was a married woman and had no power in law to mortgage her real estate. Thereupon the plaintiff introduced B. F. Collier, the husband of Mrs. Collier, who testified that at the time of the execution of said deed of trust, he and his wife were residents of the State of Georgia. The court thereupon overruled the defendant's objection, and to this ruling the defendant duly excepted.

The plaintiff then offered in evidence a certain transfer of this deed of trust made by the Rome Fire Insurance Company to the plaintiff. dated March 21st, 1896. The transfer recited a consideration of $450 paid by the plain-

tiff to the Rome Fire Insurance Company, and transferred and assigned the deed of trust to Nellie F. Alexander. It was signed "The Rome Fire Insurance Co., by J. L. Bass, Pt., (Seal)." There was also affixed thereto the corporate seal of the Rome Fire Insurance Co., and was duly acknowledged by said Bass before a notary public. The defendant objected to the introduction in evidence of this transfer of said deed of trust upon the ground that it was not shown that the person who signed such transfer had authority to so transfer said deed of trust, and because it does not appear that the same was a duly authorized corporate act. The court overruled this objection, and the defendant duly excepted. The plaintiff then offered in evidence a deed executed by L. B. Stone as trustee to the plaintiff, dated Oct. 20th, 1900. This deed recited that the trustee had "been requested in writing by the attorney of the beneficiary in said deed of trust to execute the trust imposed in him by said deed of trust," and that the property conveyed in said deed of trust was sold by reason of default being made in the debt secured thereby, and that at said sale the plaintiff, N. M. F. Alexander, had become the purchaser thereof. This deed thereupon conveyed the property to the plaintiff. The defendant objected to the introduction of this deed in evidence upon the ground that it was not shown that Yancey, as Secretary of the Rome Fire Insurance Co., had requested in writing the trustee to foreclose said deed of trust and because the same was inadmissible and irrelevant. The court overruled this objection, and the defendant duly excepted. The plaintiff then offered in evidence the bill of complaint filed by the defendant against the plaintiff under the statute, in which bill the defendant sought to have determined her claim to the property in controversy; and also introduced in evidence the answer and decree of the court in said cause. It was shown by said proceedings that there was involved in the hearing of said cause the question as to whether or not the deed of trust was given to secure the payment of a debt of defendant's husband, and that in said decree it was declared that the deed of trust was not given for said purpose, and that

[Collier v. Alexander.]

the debt was the indebtedness of the defendant. To the introduction of these papers in evidence, the defendant objected upon the ground that the same were inadmissible, and that the decree rendered in said cause had been appealed from, and that the same had been superseded. It was shown that the decree had not been superseded The court overruled the objection, and to this ruling the defendant duly excepted. The defendant offered to introduce evidence tending to show that the deed of trust which was introduced in evidence was given by her to secure an indebtedness due from her husband, and that she signed said mortgage at the request of her husband. The plaintiff objected to the introduction of this evidence. The court sustained the objection, and the defendant duly excepted. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the general affirmative charge in her behalf, and refused to give the general affirmative charge requested by the defendant. To each of these rulings the defendant separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

CALDWELL & JOHNSON and S. W. JOHNSON, for appellant.—The transfer by the Rome Fire Insurance Company to the plaintiff in this case was not shown to have been properly executed.—*Jimwright v. Nelson*, 105 Ala. 399; *B. & L. Association v. Smith*, 122 Ala. 502.

BURNETT, HOOD & MURPHREE, *contra.*—The evidence as to whether the deed of trust was executed by the defendant to secure the debt of the husband, was not admissible in evidence. This question had been adjudicated in the chancery suit between the same parties and the proceedings of said chancery suit were admissible in evidence.—*Penny v. British Am. Mortgage Co.*, 31 So. Rep. 96; *Tankersly v. Pettis*, 71 Ala. 179; *Moon v. Crowder*, 72 Ala. 79; *Strang v. Moog*, 72 Ala. 464.

[Collier v. Alexander.]

McCLELLAN, C. J.—Prior to 1887 the statute confined the husband and wife's power of alienation of her land to *a sale*, and provided the uses to which the proceeds of the sale should be devoted.—Revised Code, § § 2373, 2374. The act of the year named, "To define the rights and liabilities of husband and wife," confessedly was intended and obviously has the effect to enlarge the wife's capacity in respect of her property. By it she is given the full legal capacity to contract as if she were sole, with the assent or concurrence of her husband expressed in writing. By it also the general power to *alienate* her lands is conferred upon her with the assent and concurrence of the husband, evidenced by his joining in the conveyance. There is nothing in the text of this statute nor any consideration that can be evolved out of its policy. to enforce, or even persuasive to a conclusion which would limit the power thus given to alienations by sale or to conveyances in effectuation of sales. The essential word employed, "alienate," applies as well and aptly to all conveyances of title as to those conveyances which are made upon a sale. A deed of trust to secure a debt conveys the title to the trustee. A mortgage carries the title to the mortgagee. And each is as much an alienation of land, and within a power to alienate land as is a conveyance in fee to a purchaser. This is what the statute of 1887 meant when it was enacted. The fact that the legislature subsequently saw fit to amend it by adding the words "or mortgage" after the word "alienate" could not have the effect to take from the latter word as it was originally employed any part of its meaning in the act of 1887. At most that was a mere legislative construction or interpretation of an existing statute which is not binding on the courts in dealing with the original statute. But it is probable that the legislature itself did not intend to commit itself to that construction, but enacted the amendatory statute merely out of abundant caution, and to clear up all doubt that might have arisen upon the decisions of this court under the married womans' statutes prior to 1887 to the effect that the power *of sale* there conferred did not embrace the power to mortgage. So we are of the opinion that

the act of 1887 conferred upon married women the unlimited power of alienation so far as the character of the conveyance is concerned, the power to alienate by conveyance to secure her debts as well as by conveyances in fee upon a sale. At the time of its execution, therefore, though prior to the amendment to which we have referred, Mrs. Collier had capacity to convey the land here involved to Stone in trust to secure the payment of her debt to the Rome Fire Insurance Company, and her husband being a non-resident it was not necessary that he join in the execution of the deed of trust, so it is unnecessary to consider whether there was a joinder of the husband in the conveyance.

The plea of not guilty, involving, as it did, confession of lease, entry and ouster, left the plaintiff with the burden only of proving title and right of possession on one of the alleged lessors. We are of opinion that this burden was discharged beyond controversy in respect of the lessor, N. M. F. Alexander. There is no question but that the Rome Fire Insurance Company was the beneficiary in the deed of trust, though the party named as such was its secretary and treasurer. That company had a right to transfer its debt secured by the instrument and the security, so to speak, which the deed of trust afforded. The corporate seal attached to the instrument of transfer is a sufficient testimonial of the authority of the person who signed the corporate name as its president to so execute the paper. After such transfer the secretary and treasurer of the company ceased to have the authority conferred on him by the deed of trust to make demand in writing upon the trustee to take possession of the land and sell it in execution of the trust. If the trustee was then under any control in respect of such execution, it was the control of Mrs. Alexander, the transferee of the debt and security. The trust having been executed and Mrs. Alexander having become the purchaser at the sale made in its execution, it is presumed that the execution was according to her desire, and also that her wish or demand was properly and regularly made known to the trustee, if that be important. The purchase thus

made by her consummated by the deed executed to her by the trustee vested in her the legal title to and the right to the immediate possession of the land.

Of course, it was originally open to Mrs. Collier to show that this deed of trust was void because executed to secure the debt of her husband; but the issue was foreclosed against her by the decree in chancery introduced in evidence on this trial, whereby it was adjudged that the deed of trust was not executed to secure the husband's debt, and was a valid conveyance of her land. That decree was appealed from, and the appeal was pending at the time of the trial of this case, but it does not appear that it was superseded pending the appeal. It was not a void decree, as counsel contend, nor even erroneous, as has since been decided by this court. The trial court did not err in receiving the record in that case, and the opinion of the chancellor showing precisely what was decided, in evidence; nor in thereupon excluding the defendant's proposed evidence touching the issue which the decree adjudicated.

The uncontroverted evidence showing title and right of possession in N. M. F. Alexander in whom one of the demises declared on was laid, the plaintiff was entitled to the affirmative charge; it is unnecessary to consider other rulings of the City court on the trial.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.