# Hughes *v.* Clifton, *et al.*

*Bill to Foreclose Mortgage.*

(Decided July 6, 1906.  41 So. Rep. 998.)

*Tender; Sufficiency of; Interest; Time and Computation.*—The mortgagor went to a party who had previously been mortgagee's agent and paid a certain installment of interest; afterwards, the mortgagor came to the same person and told him that he desired to pay the mortgage debt and interest, but was informed that the mortgage had been turned over to mortgagee's administrator. The mortgagor and the former agent of the mortgagee agreed that the money should be paid to a third person to be turned over to the administrator on the surrender or delivery of the mortgage. Held, not such a payment or tender of the amount due as to discharge the debt or stop the running of interest.

APPEAL from Madison Chancery Court.

Heard before HON. W. H. SIMPSON.

Bill by James Hughes as administrator of the estate of John Hughes, deceased, against Wesley Clinton, and others. From a judgment for defendants, plaintiff appeals.

This was a bill filed by the appellant as the administrator of the estate of John Hughes, deceased, seeking the foreclosure of a mortgage on land executed by Wesley Clinton and wife to said Hughes. The defendants interposed demurrers and pleas to bill, but the demurrers were overruled and the pleas held insufficient. All the defendants except Wesley Clinton failed to answer the bill and a decree pro confesso was entered against them. Wesley Clinton filed an answer setting up a payment of a certain installment of the interest to one A. R. Campbell alleged to be the agent of the mortgagee; also setting up that he went to said Campbell and informed him that he desired to pay the mortgage debt together with the interest due on the mortgage and was informed by Campbell that the mortgage was in the possession of said administrator. It was agreed between respondent and Campbell that the amount of the mortgage debt and interest due on it should be paid to one McCorley who should hold the said money until the mortgage was obtained from said Hughes. It is contended that Campbell never obtained the mortgage. The chancellor decreed a foreclosure of the mortgage but denied to complainant interest on the same after the payment of the money to McCorley, and decreed costs against complainant. From this ruling this appeal is prosecuted.

WALKER & SPRAGINS, for appellant.—The rule has been strictly adhered to in all the adjudged cases that the possession of the securities by the agent is the indispensable evidence of his authority to collect the principal.—*Haynes v. Pohlmann,* 25 N. J. Eq. 183; *Smith v. Kidd,* 68 N. Y. 130; Jones on Mortgages, (4th Ed.) § 964. There can be no valid tender unless it is made to the person to whom the money is due or to his duly authorized agent.—25 A. & E. Ency. of Law, 918. Complainant was improperly taxed with the costs.—§ 1325, code 1896; *Buxbaum v. McCorley,* 99 Ala. 537. The defendant lost all benefit of any tender at any time by failing to pay the money into court.—*McGuire v. VanPelt,* 55 Ala. 351; *Park v. Wiley,* 67 Ala. 210; 25 A. & E. Ency. of Law, 940. As against the foreclosure of the mortgage

no period of time less than twenty years will avail as a bar.—*Ohmer v. Boyer*, 89 Ala. 282.

COOPER & FOSTER, for appellee.—Under the facts in this case such an agency was shown to exist as bound the principal by the payments made to the agent.—*Tabler v. Sheffield*, 87 Ala. 305; *K. C. M. & B. R. R. Co. v. Ivey Leaf Coal Co.*, 97 Ala. 705; 22 A. & E. Ency. of Law, 518. Having induced appellee to deal with Campbell, appellee is protected until there was a revocation of the agency of which he had notice.—*Wheeler v. McGuire*, 86 Ala. 398; *Whitefield v. Riddle*, 78 Ala. 99; *Con. F. Ins. Co. v. Brooks*, 131 Ala. 614. A state of facts or condition of things once shown to exist will be presumed to exist until the contrary is shown.—*Land Co. v. Kidd*, 99 Ala. 474; *McKenzie v. Stephens*, 19 Ala. 691; *Poe v. Dorrough*, 20 Ala. 288. Complainant had no right to receive payment of the mortgage debt, and a payment to him, or a deposit in court for him would have been void.—*Sloan v. Frothingham*, 65 Ala. 598; *Hatchett v. Burney*, Ib. 39.

ANDERSON, J.—"As a general rule, a mortgage debtor is authorized to infer that an attorney or agent, who has been employed to make a loan and retains possession of the bond and mortgage, is empowered to receive payment of both the interest and of the principal. But this inference is founded on his custody of the securities, and it ceases when these are withdrawn by the creditor; and it is incumbent on the debtor, who relies upon a payment so made to an attorney or agent, to show that the securities were in his possession when he made the payment, unless the action of the creditor be such as to estop him from denying the agency. * * * In making payments to an agent, the mortgage debtor should be assured of his continued authority to act for the owner of the mortgage; and such assurance of this as may be derived from his possession of the mortgage note or bond, and indorsement thereon of the payment, would be omitted only through great negligence. Authority of an agent to receive interest or principal on a mortgage cannot be inferred from the fact that the agent collected and paid

over to the mortgagee interest on other mortgages. Even authority to collect the interest upon a mortgage does not afford ground for inferring authority to collect the principal, where the agent is not intrusted with the possession of the securities. The rule has been strictly adhered to in all the adjudicated cases that the possession of the securities by the agent is the indispensable evidence of his authority to collect the principal."—Jones on Mortgages, vol. 2, § 964. In the case of *Smith v. Kidd*, 68 N. Y. 130, 23 Am. Rep. 157, the court said: "If money be due on a written security, it is the duty of the debtor, if he pay to an agent, to see that the person to whom he pays it is in possession of the security. For though the money may have been advanced through the medium of the agent, yet, if the securities do not remain in his possession, a payment to him will not discharge the debtor." In the case of *Haines v. Pohlmann*, 25 N. J. Eq. 183, the court in discussing the question, said: "But the inference in such case is founded on the custody of the securities, and it ceases whenever they are withdrawn by the creditor; and it is incumbent upon the debtor who makes the payment to the attorney or agent, relying upon such inference, to show that the securities were in his possession on each occasion when the payments were made."

The payment in this case was made to a person other than the alleged agent of complainant, but conceding that it was equivalent to making it to Campbell, who sanctioned it, the undisputed evidence shows that Campbell did not have the securities, and so informed respondents' agent, and agreed to try and get the note and mortgage, and the deposit was made with McCorley to be paid over to complainant or his agent upon a surrender or delivery of the securities. This was in no sense such a payment or tender, as would operate as a discharge of the debt and thereby stop the interest. The case of *Cheney v. Libby*, 134 U. S. 68, 10 Sup. Ct. 498, 33 L. Ed. 818, relied upon by the learned chancellor, has no application to the case at bar; there the place of payment was designated in the bonds and the court properly held "that the

designation of the place of payment of the bonds imparted a stipulation that the holder should have them at the bank when due, to receive payment and that the obligors would produce there the funds to pay them." Here we have no designated place of payment either in the note or mortgage. We do not wish to be understood as holding that there is not an exception to the foregoing rule, when the creditor absents or obscures himself, so that the debtor cannot, by ordinary diligence, locate him, but in the case at bar there is no legal evidence to show that the respondent was sufficiently vigilant to bring himself within the exception.

The chancellor properly rendered the decree of foreclosure, but erred in disallowing the complainant interest and in taxing him with the costs; and the decree in this respect will be reversed, and the register is ordered to include the interest and costs in ascertaining the amount to be paid by the respondents, and is ordered to sell the land under the terms of the decree, if said sum including principal, interest, and costs is not paid within 30 days from the rendition of the decree of this court.

Affirmed in part, and in part reversed and rendered.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.