# Vaughn *v.* Vaughn.

*Bill for Partition, Homestead and Dower.*

(Decided December 19, 1912.   60 South. 872.)

1. *Equity; Cross-Bill.*—Although designated as such by the pleader a bill is not a cross bill where it shows on its face that the original bill has been dismissed.

2. *Same; Bill of Revivor.*—A bill could not be considered a bill of revivor which was filed after dismissal of another suit in which this complainant was respondent, where the original suit was dismissed, as there was no abatement.

3. *Same; Bill of Review.*—A bill which contains no charge of fraud, error of law apparent on the record, or newly discovered evidence, cannot be treated as a bill for review.

4. *Same; Dismissal of Bill.*—Where a bill, though demurrable, contains equity and is curable by amendment, it should not be dismissed during vacation, especially where no general demurrer is filed as provided by section 3121, Code 1907.

5. *Pleading; Conclusion.*—A statement in a bill that a respondent occupied the land in subordination to and recognition of complainant's homestead and dower rights, but which sets up no facts showing such subordination or recognition, is a mere conclusion of the pleader.

6. *Dower; Widow; Bill.*—The bill in this case considered, and it is held that although it is not sustainable as a cross-bill, it contained equity as an original bill for partition and the allotment of dower.

7. *Same; Parties.*—Where land jointly held was voluntarily partitioned between the surviving co-tenant and an heir of the deceased co-tenant, and each took a part, such heir was a necessary party to a bill by the widow of the deceased co-tenant for partition and dower.

8. *Same.*—Where land held in common was voluntarily partitioned between a surviving co-tenant and the heir of a deceased co-tenant a bill by the widow of the deceased co-tenant filed against the surviving co-tenant for partition and dower should repudiate the voluntary partition and charge that the part assigned to the heir is inadequate to afford complainant a proper dower; otherwise it should be filed against the heir alone.

9. *Same; Enforcement; Land Jointly Held.*—Dower in lands held in common should be enforced against the part of the land taken by the heir of a deceased co-tenant under a voluntary partition, rather than against the land taken by the surviving co-tenant, the bill being filed by the widow of the deceased co-tenant.

[Vaughn v. Vaughn.]

10. *Same; Remedy of Widow; Limitation of Action.*—A widow's dower right in land not alienated by her husband is not barred by statutory limitation, notwithstanding her action was not brought within twenty years after the death of her husband; the provisions of section 3837, Code 1907, not having gone into effect until 1907 are not applicable in this case.

11. *Same; Laches.*—Where the dower of the widow in lands not alienated by her husband was recognized and admitted by the others interested in the land, it could not become barred by laches although her action was not brought within twenty years of her husband's death.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Amanda Vaughn against John W. Vaughn for partition, homestead, and dower. From a judgment for respondent on demurrer, complainant appeals. Affirmed in part, and in part reversed and remanded.

The bill prays, among other things, that it be taken as a cross-bill, and shows that Susie Miles, some time in 1905, filed her bill against oratrix and John W. Vaughn, alleging her interest in the lands as the heir at law of Benjamin R. Vaughn, and at the same time admitting and recognizing oratrix's right to a homestead and her dower interest therein, and praying an order adjudging a decree that one-half the land be set apart to her, and the other part be set over to John Vaughn, and that, out of the portion set apart to complainant, a homestead be carved, to be used and enjoyed by Amanda Vaughn, and that, relying on the prayer and on the admission made by Susie Miles that she would be protected, she took no steps in the litigation, except to file a formal answer admitting the allegations of the bill; that later, and not until January, 1907, did John Vaughn file any answer to said bill, but then he claimed to have purchased the lands in question from said Susie Miles, and alleging that the interest of the present complainant had been sold by her to James Vaughn under some alleged or pretended conveyance,

the nature of which is not set forth. It is further alleged that Susie Miles compromised the litigation with John Vaughn, and made him a conveyance of all of said land, except 45 acres, on some consideration not known to orator, and that, at a recent term of the chancery court, said Susie Miles applied for and obtained a dismissal of her said bill filed against John Vaughn and others. Oratrix then alleges her interest in the land to be that of the widow of Benjamin Vaughn, deceased, who owned a half interest in the lands at the time of his death; John Vaughn owning the other half, and Susie Miles being the only heir at law of said Benjamin Vaughn. It is then alleged that, under the facts set out, she is entitled in equity to have John Vaughn substituted in the place of Susie Miles, and, from the land so purchased by him, to have a dower and homestead carved out.

PAUL HODGES, for appellant. Equity entertains concurrent jurisdiction with courts of law in the assignment of dower and homestead.—*Owen v. Slatter*, 26 Ala. 547; *Brooks v. Wood*, 40 Ala. 538. There is no statute of limitations governing this case.—*Elyton Land Co. v. Denny*, 11 South. 218; *Barksdale v. Garrett*, 64 Ala. 277. The presumption is prima facie after the lapse of twenty years that a claim of dower is relinquished or barred.—*Graves v. McDale*, 108 Ala. 420; *Barksdale v. Garrett, supra*. But this is without application here as it appears that the rights have been recognized by the parties in possession of the land.— *Sample v. Reader*, 18 South. 214. The bill therefore has equity as a bill for partition and the assignment of dower and if defective it is curable by amendment and the decree dismissing the bill was consequently erroneous.

[Vaughn v. Vaughn.]

GEORGE P. JONES, for appellee.  No brief came to the Reporter.

ANDERSON, J.—While the pleader designates the present bill as a "cross-bill," we do not so consider it, as it shows that the original bill had been dismissed.

Nor do we understand that it is a bill of revivor, as there was no abatement, but a dismissal of the original suit.  Section 3120 of the Code of 1907.

Neither can it be treated as a good bill of review, as it contains no charge of fraud, error of law apparent upon the record, or newly discovered evidence.—*McCall v. McCurdy,* 69 Ala. 65; 3 Mayfield's Digest, 307.

Therefore, the only theory upon which the bill can be said to contain equity is as an original bill for partition and the allotment of dower, and for this purpose, we think, that it contains equity; but the heir, Susie Miles, is a necessary party, and the bill cannot be maintained against John W. Vaughn alone.

It is true that Vaughn bought most of the land from the heir; but it also appears that he conveyed some of it to said heir Susie Miles; and, for aught that appears, it may be as valuable as the portion received by Vaughn, and, if it is, this should be treated as a voluntary partition between the joint owners, subject, of course, to complainant's marital rights in and to the interest of her deceased husband, but which a court of equity would enforce against the share of the heir rather than upon the interest conveyed to the cotenant of the father.  As we understand the law as to the right and enforcement of dower in lands jointly held, there should be a partition and the dower fixed as against the share allotted to the estate or heir of the deceased husband.—10 Am. & Eng. Encyc. Law, p. 176, and note 4.  If there has been a voluntary partition, to which the widow was

not a party, it would not be binding on her, if unjust, and she could proceed to impress her dower upon the interest to which her husband's estate would be entitled; yet, if the partition has been equitable and fair between the heir and the joint owner with his ancestor, we see no reason why a court of equity cannot impress the interest received by the heir of the deceased cotenant with the dower to which the widow is entitled. If the division between the daughter and her uncle John W. Vaughn, as mentioned in the bill, was fair and just, this complainant should look to the land conveyed to her daughter for the enforcement of her marital rights. If, on the other hand, the division was not equitable, she can no doubt impress her dower upon so much of the property as the estate of her deceased husband should have under a fair and equitable partition. The bill should repudiate the division and charge that the part assigned to the heir was inadequate to afford her the dower to which she would be entitled, else it should be filed against the heir alone for the purpose of subjecting the interest of said heir to the claim of dower.

While the present bill must be considerably amended so as to render it immune from demurrer, yet it contains equity for the purpose of enforcing the marital rights of the complainant in and to the lands left by her deceased husband, and which can be enforced by amendments to the bill, which will not work a departure; and as long as the bill contained equity, whether well or badly set up, it should not have been dismissed during vacation.—*Kyle v. McKenzie,* 94 Ala. 236, 10 South. 654; *Singo v. Brainard,* 173 Ala. 64, 55 South. 603. Moreover, there was no general demurrer to the bill for want of equity, as provided by section 3121 of the Code of 1907, and, notwithstanding that some of the special demurrers were properly sustained, the action of the

chancellor in declaring that the bill, as amended, was without equity, and, in dismissing the same, was gratuitous, and the same should not have been dismissed in vacation, when the complainant had no opportunity to amend or to decline to do so.

Most of the demurrers raised the question of laches or prescription; and the chancellor evidently reached the conclusion that the bill could not be maintained because not filed within 20 years after the death of the husband. It is true that section 3837 of the present Code fixes the statute of limitations as to dower at three years in favor of an alienee of the husband or any one claiming under him, and at 10 years in all other cases. This 10-year provision has no application to the present bill as it first appeared in the Code of 1907. There was therefore no statutory bar as against the dower of this complainant in favor of one not the alienee of the husband, and she could be cut off only by a conclusive presumption of extinguishment, which arises after the expiration of 20 years from the consummation of the right of dower, and in the absence of evidence which shows a recognition of the right by parties whose estate is affected by it.—*Barksdale v. Garrett,* 64 Ala. 277, 38 Am. Rep. 6. The bill before amendment averred a recognition of the complainant's dower right by Susie Miles, and was amended so as to charge a recognition by John W. Vaughn, and was not, therefore, after amendment, subject to the demurrers of the said Vaughn setting up laches. As above stated, this is not a cross-bill, and was subject to the sixth ground of demurrer.

While the bill, as amended, sets up that the respondent Vaughn occupied the land in subordination to and in recognition of complainant's homestead and dower right, the averment is a mere conclusion of the pleader, and the facts showing the recognition or subordination

should be set out.   The amended bill was subject to the third ground of demurrer, as interposed to said amended bill.

The decree of the chancery court, in sustaining the demurrers as above mentioned, is affirmed; but there was error in holding that the bill, as amended, was without equity and in dismissing same in vacation, and the decree in this respect is reversed, and the cause is remanded.

Affirmed in part, and in part reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.