(111 So. 276)

**POLYTINSKY v. WILSON.** (8 Div. 920.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**Certiorari ⬅68—Certiorari will not issue to review decision of Court of Appeals on question involving recourse to disputed evidence or facts not disclosed by opinion.**

Supreme Court will not issue certiorari to review decision of Court of Appeals, where determination of question presented requires recourse to disputed evidence in case or depends on facts not disclosed by the opinion of the court.

Certiorari to Court of Appeals.

Sample & Kilpatrick, of Hartsells, for petitioner.

The action was barred by the three-year statute before the statute was repealed. Chesser v. First Bank, 19 Ala. App. 54, 94 So. 786; Davis v. Sugg, ante, p. 93, 109 So. 745. The added count is an entire new cause of action. There is no evidence to show an alteration of the mortgage by both the mortgagors.

Wert & Hutson, of Decatur, for respondent.

Brief of counsel did not reach the Reporter.

SAYRE, J. Petitioner in support of his petition discusses the evidence as it appears in the record submitted to the Court of Appeals, and, to sustain his contention of error, it is necessary that such evidence be referred to. It may be that the principle to which this court made reference in Davis v. Sugg (Ala.) 109 So. 745,[1] viz. that the repeal of a statute of limitations does not impair a bar perfected before the repeal, was not brought to the attention of the Court of Appeals. At any rate, this principle does not appear to have engaged the attention of the court. But, whether so or not, the solution depends upon facts not disclosed by the opinion of the court, and, under the frequently stated rule of practice in such cases, this court is unable to review the question raised by petitioner's contention in the present case. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

Like observation applies to the other point treated in the opinion of the Court of Appeals; that is, recourse to the disputed evidence in the case is necessary to a solution of the controversy as to whether the mortgage was altered with the consent and approval of the mortgagor.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

