(114 So. 74)

## CATON v. ANDALUSIA NAT. BANK.
### (4 Div. 273.)

Court of Appeals of Alabama. March 22, 1927.

Rehearing Denied April 12, 1927. Reversed on Mandate Aug. 2, 1927.

A. Whaley, of Andalusia, for appellant.

Powell & Reid, of Andalusia, for appellee.

RICE, J. ██ Canton executed his negotiable promissory note to Clark Mercantile Company, which before maturity was indorsed and transferred by the Clark Mercantile Company to plaintiff. It was, however, not necessary to the assignment that the maker be given notice, and payment by the maker to the payee would not affect the rights of the transferee. Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88. Of course, if the payee be shown to be the agent of the transferee, authorized to accept payment of the paper, and payment be shown to have been made to the payee as such authorized agent, the case would be different. But, if payment be made to an agent, the debtor is under the duty of seeing that the agent is in possession of the note or security. Hughes v. Clifton, 147 Ala. 531, 41 So. 998. ██ Defendant's effort to show that payment was made to the Clark Mercantile Company, without any offer to show such possession, was properly denied; and likewise of his effort to show that the Clark Company had made other collections for plaintiff, since this

fact would not tend to prove authority in the particular case.

■ Defendant sought to prove that he was not indebted to the payee at the time the note was executed. Objection to the question directed to this object was sustained. It was shown the note was given for advances. The material inquiry then was, not whether the maker was indebted when he made the note, but whether the advances were actually furnished. If they were, the note was valid. No effort to show they were not was made by the defendant. There was no error in the ruling indicated.

Under the evidence as it appears in the record we think the plaintiff was clearly entitled to the affirmative charge which was given in its favor. We think the judgment should be affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, on authority of Caton v. Andalusia National Bank, 216 Ala. 415, 114 So. 75.