(114 So. 75)

### CATON v. ANDALUSIA NAT. BANK.
(4 Div. 335.)

Supreme Court of Alabama. June 18, 1927.

1. **Principal and agent ⟜119(5)—Where payee has express authority to collect note as agent of transferee, debtor need not show that payee possessed note when he paid him.**

Where payee has express authority to collect or receive payment on note as agent of transferee, debtor may show payment to payee without showing that payee had possession of note or security when payment was made.

2. **Principal and agent ⟜105(2)—Formal written instrument or special oral contract is not essential to express authority to receive payment of note.**

Formal written instrument or special oral contract is not essential to express authority to collect or receive payment of note, but it may arise from surrounding facts and circumstances and course of dealing between parties.

3. **Principal and agent ⟜119(5)—Debtor has burden of proving express authority of payee to receive payment of note for transferee or that payment reached transferee.**

Debtor has burden of proving express authority of payee from surrounding facts and circumstances and course of dealing between parties to receive payment of note for transferee, or that payment reached transferee.

Certiorari to Court of Appeals.

Petition of R. A. Caton for certiorari to the Court of Appeals to review and revise the judgment and decisions of that court in Caton v. Andalusia National Bank, 114 So. 74. Writ granted; reversed and remanded.

A. Whaley, of Andalusia, for appellant.

Counsel argues for error in rulings on evidence, citing Wiggins v. Pryor, 3 Port. 430; P. & M. Bank v. Borland, 5 Ala. 531; 35 L. R. A. 347.

A. R. Powell, of Andalusia, for appellee.

If Clark had been the bank's agent in taking the paper sued on and certain other papers had been by the bank sent him for collection, this would not make him the bank's agent to collect the paper sued on, and defendant would not be justified in making payment to Clark unless the bank had intrusted Clark with possession or custody of the note. Hughes v. Clifton, 147 Ala. 531, 41 So. 998.

BROWN, J. The plaintiff in the circuit court, as transferee, sued the defendant on a negotiable promissory note, and as appears from the opinion of the Court of Appeals, defendant sought to show payment to the payee as agent of the plaintiff, and his evidence offered for that purpose was rejected by the circuit court. In affirming that this ruling was free from error, the Court of Appeals stated the rule to be that:

"If the payee be shown to be the agent of the transferee to accept payment of the paper, and payment be shown to have been made to the payee as such authorized agent the case would be different. But if payment be made to the agent the debtor is under the duty of seeing that the agent is in possession of the note or security" citing as an authority Hughes v. Clifton, 147 Ala. 531, 41 So. 998.

[1-3] This court in the case cited was dealing with the question, not of express but implied authority, and in such cases, the decisions, recognizing the importance of protecting the holder of commercial papers, are practically uniform in holding that the possession of the paper is essential to such authority. But where the agent has express authority to collect or receive payment, it is not essential that the debtor show that such agent had possession of the note or security. Nor is a formal written instrument or spe-

cial oral contract essential to such express authority, but, like other questions of agency, it may arise from the surrounding facts and circumstances and the course of dealing between the parties; the burden of proof being on the debtor to show such authority or that the payment reached the holder of the security. Thompson v. Ware, 200 Ala. 624, 76 So. 982; Campbell v. Gowans, 35 Utah, 268, 100 P. 397, 23 L. R. A. (N. S.) 414, and note, 19 Ann. Cas. 660; 21 R. C. L. pp. 21, 22, §§ 15, 17.

We are of opinion that the Court of Appeals has stated the rule too narrowly, and that the writ must be granted, the judgment of that court reversed, and the cause remanded for further consideration.

The other questions argued are not presented so as to authorize a review here. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Polytinsky v. Wilson, 215 Ala. 455, 111 So. 276.

Writ granted; reversed and remanded.

All the Justices concur.