(117 So. 618)

## CORINTH BANK & TRUST CO. v. WALLACE. (6 Div. 70.)

Court of Appeals of Alabama. Nov. 1, 1927.

Rehearing Denied Dec. 13, 1927.

Williams & Chenault, of Russellville, for appellant.

Ernest B. Fite and K. V. Fite, both of Hamilton, for appellee.

RICE, J. This was a suit by appellant, as transferee for value, against appellee upon a promissory note executed by appellee to one J. J. Lawler.

Appellant's testimony was to the effect that it was an innocent purchaser for value of the note in question, and that same was unpaid, while appellee's testimony was to the effect that he had fully paid the note to the said Lawler, who was expressly authorized by appellant to collect same, and was to the further effect that the proceeds of the collection were by Lawler paid over to appellant.

A very great, and, to our way of thinking, unnecessarily large, number of assignments of error are made. But, so far as we can see, only a comparatively few principles of law are involved. It seems to us unnecessary to discuss the testimony at length. In Caton v. Andalusia National Bank, 216 Ala. 415, 114 So. 75, the Supreme Court of this state said:

"But where the agent has express authority to collect or receive payment, it is not essential that the debtor show that such agent had possession of the note or security. Nor is a formal written instrument or special oral contract essential to such express authority, but, like other questions of agency, it may arise from the surrounding facts and circumstances and the course of dealing between the parties; the burden of proof being on the debtor to show such authority or that the payment reached the holder of the security"—citing Thompson v. Ware, 200 Ala. 624, 76 So. 982; Campbell v. Gowans, 35 Utah, 268, 100 P. 397, 19 Ann. Cas. 660, 23 L. R. A. (N. S.) 414, and note; and 21 R. C. L. pp. 21, 22, §§ 15, 17.

The above principle found full application in this case, and disposes of a large number of appellant's assignments of error.

Without burdening our opinion with a lot of excerpts from same, we think the opinion of the Supreme Court in the case of Roberts & Sons v. Williams et al., 198 Ala. 290, 73 So. 502, discloses very clearly that the trial court in this case committed no error in any of his rulings with reference to the testimony of the witness Lawler, who was allowed to testify as to his agency for the appellant. In other words, the trial court seems to have followed the rules laid down in that case, which we will not undertake to restate.

As best we can discern, appellant's prin-

cipal argument here is that numerous rulings of the trial court in line with the law as we have quoted it and referred to it above were erroneous. But we have tried to show why, and do hold, that none of them was. Likewise we find no error in any of the other rulings complained of. The case appears to have been fairly tried, and the appellant lost.

Every disputed question of fact was left to the jury's decision under correct rulings as to evidence, and a full and correct oral charge by the court.

The judgment is affirmed.

Affirmed.