(117 So. 620)

## CORINTH BANK & TRUST CO. v. LAWLER.
### (8 Div. 984.)

Supreme Court of Alabama. June 28, 1928.

Williams & Chenault, of Russellville, for appellant.

Stell & Quillin, of Russellville, and K. V. Fite, of Hamilton, for appellee.

GARDNER, J. This is a statutory bill to quiet title to certain real estate, filed by appellee, Lawler, against the Corinth Bank & Trust Company. The defendant asserted title to the property by virtue of a mortgage executed by M. T. Wallace and wife to complainant, J. J. Lawler, and by the latter indorsed to defendant as collateral security for certain indebtedness due by said Lawler to the Corinth Bank. The mortgage by Wallace embraced the property here involved, and its sole consideration was a note for $364.58 attached thereto. Defendant became the owner of this note and mortgage at a duly advertised sale of the collateral, and subsequently foreclosed the mortgage, becoming also the purchaser of the property at the foreclosure sale.

These matters appeared in the answer, which was also made a cross-bill. Complainant answered the cross-bill showing title in himself by deed from said M. T. Wallace

84

and wife, and averring that the mortgage under which defendant claims title had been fully paid. 'Complainant further answered that on May 20, 1925, defendant, Corinth Bank, as plaintiff, filed a suit against said Wallace and wife, seeking recovery on said note secured by the mortgage, and which was its sole consideration; that upon the trial of said cause on February 25, 1926, defendants pleaded payment of said note, and the trial resulted in a verdict and judgment for defendants. Therefore complainant alleges that the question of indebtedness on said mortgage has been adjudicated in a court having jurisdiction of the parties, and the subject-matter, resulting in a judgment for defendants, and pleads such judgment as res adjudicata in this cause.

■ That these averments sufficed to establish a plea of res adjudicata is not questioned, for it is well settled that—

Where an "issue has been settled by an adjudication on the merits, in a court of equity, the same issue, whether of law or fact, cannot be again relitigated in a court of law; and e converso, where it has been tried at law, it cannot be tried again in a court of equity; provided the court, in each case, [has] jurisdiction of the subject-matter and of the parties litigant." Strang v. 'Moog, 72 Ala. 460; Tankersly v. Pettis, 71 Ala. 179; Peet & Co. v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45.

■ That the averments of the pleading as to res adjudicata were established by the proof is not controverted, but defendant set up by way of avoidance thereof that from the judgment for defendants in the suit on the note an appeal had been prosecuted to the Court of Appeals by the plaintiff in that action (defendant here), and that the appeal was undetermined. The pendency of the appeal, however, under the decisions of this court, did not disturb the finality of the judgment, so far as the question here involved is concerned, for as said in Gee v. Nicholson, 2 Stew. 512, "we cannot presume the decree to be reversed until this is shown by proof, but must consider it as yet in full force." To like effect are the cases of Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22, and Collier v. Alexander, 142 Ala. 422, 38 So. 244.

This question, however, is not now of controlling importance, as the appeal case in the action on the note, brought by the Corinth Bank & Trust Company as transferee of said note against M. T. Wallace and wife, has been duly considered by the Court of Appeals, and the judgment of the court below affirmed. 22 Ala. App. 272, 117 So. 618. The Corinth Bank has filed petition for certiorari in this court, seeking a review of the decision of the Court of Appeals affirming said judgment, which petition has been this day considered by this court, and the writ of certiorari denied. Corinth Bank & Trust Co. v. M. T. Wallace, ante, p. 66, 117 So. 619, present term.

It results, therefore, that the decree of the court below is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.