88 So.2d 789

**Alberta Duncan Washington JOHNSON et al.**

**v.**

**Rebecca DUNCAN.**

**2 Div. 361.**

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

Pettus, Fuller, Reeves & Stewart, Selma, and Harry B. Cohen, Birmingham, for appellants.

Pitts & Pitts and Wilkinson & Wilkinson, Selma, for appellee.

LAWSON, Justice.

Will Duncan, a resident of Dallas County, died intestate on December 22, 1949, leaving a considerable amount of real property situate in the city of Selma.

On January 8, 1951, the circuit court of Dallas County, in equity, to which the administration of the estate had been removed, entered a decree assigning to the widow, Rebecca Duncan, as dower, an estate for life in one-half in value of the real property owned by Will Duncan at the time of his death.

Rebecca Duncan was not possessed of a separate estate in an amount sufficient to deprive her of dower. Will Duncan's estate was solvent. So the quantity of Rebecca Duncan's dower interest in her husband's real estate was dependent upon whether he left lineal descendants. If so, she was entitled to be endowed in one-third of her husband's lands; if not she was entitled to be endowed in one-half of his lands. § 41, Title 34, Code 1940. The decree of January 8, 1951, was predicated on a petition filed by Rebecca Duncan wherein it is averred, in effect, that Will Duncan left no lineal descendants, it being averred therein that he left surviving him as his only heirs at law the widow, a nephew, Jerry Lewis,

and two nieces, Annabel Stickney and Alberta Owens, all over twenty-one years of age.

Alberta Duncan Johnson and Louise Duncan Hall, who claim to be the grandchildren and the only heirs at law of Will Duncan, together with their grantees and assignees, Cohen, Reaves and Stewart, filed this bill in the circuit court of Dallas County, in equity, on November 16, 1954, against the widow, Rebecca Duncan, for the purpose of bringing about a reduction in the quantity of the dower interest of the respondent from one-half to one-third in value of the lands which belonged to Will Duncan at the time of his death. In order to attain that result the bill prays, in effect, that the decree of January 8, 1951, be vacated and a decree be entered assigning to the respondent, Rebecca Duncan, for and during her lifetime, as her dower interest, two-thirds in value of the real estate assigned to her in the decree of January 8, 1951, being one-third in value of all the real estate owned by Will Duncan at the time of his death. It is further prayed that the remaining one-third of the real estate assigned to the widow, the respondent below, by the decree of January 8, 1951, be set aside to complainants, free and clear of any and all right, title and interest of Rebecca Duncan. Complainants also pray that the widow, the respondent below, be required to account for and pay to complainants one-third of the net rents collected by her on the real estate assigned as dower in the decree of January 8, 1951, since the death of her husband.

The respondent filed her demurrer to the bill with grounds addressed to the bill as a whole and with other grounds addressed to the several aspects which the demurrant construed the bill to encompass.

■ The trial court rendered a decree sustaining the demurrer to the bill as a whole and to the several aspects to which grounds of demurrer were properly addressed. Rowe v. Rowe, 256 Ala. 491, 59 So.2d 749. From that decree the complainants have appealed to this court and as is proper have made separate assignments of error as to the overruling of the demurrer to the bill as a whole and to the several aspects. Hays v. McCarty, 239 Ala. 400, 195 So. 241. However, unless the averments of the bill are sufficient to make out a case for the setting aside of the decree of January 8, 1951, awarding dower to the respondent, then the decree must be affirmed in all respects for the relief sought by the other so-called aspects is dependent upon the vacation of the decree of January 8, 1951.

Section 52, Title 34, Code 1940, provides that a petition for assignment of dower must contain, among other things, the names of the heirs at law, and § 53 of that title provides, in effect, for the giving of ten days notice to those adversely interested of the time when the petition will be heard.

Complainants Johnson and Hall were not named in the petition for dower as heirs at law of Will Duncan. They had no notice of the filing of the petition or of the date set for the hearing. It is contended by the appellants that the complainants Johnson and Hall were necessary and indispensable parties to the dower proceedings and upon such contention it is strenuously argued that the decree of January 8, 1951, is void.

We have several cases wherein it has been pointed out that a petition or bill by the widow for assignment of dower which does not contain the names of the heirs at law is defective. Earle v. Juzan, 7 Ala. 474; Barney v. Frowner, 9 Ala. 901; Martin's Heirs v. Martin, 22 Ala. 86; Forrester v. Forrester, 39 Ala. 320; Vaughn v. Vaughn, 180 Ala. 212, 60 So. 872; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259. In Vaughn v. Vaughn, supra, it was observed that heirs are necessary parties and in Matthews v. Matthews, supra, we said, in effect, that an heir was a "necessary and indispensable party," but there the bill also sought sale of lands for division.

The object of the provision requiring the petition to contain the names of the heirs is to have the proper parties before the

court, but the fact that certain persons are heirs does not constitute any element in the right of the dowress. Forrester v. Forrester, supra.

None of the cases cited above are authority for the position taken by the appellants to the effect that a decree awarding dower is void because an heir at law of the deceased husband was not named in the petition and had no notice of the proceedings where the petition upon which the decree is based averred that the persons named therein are all the heirs at law of the deceased and such persons were before the court.

As far as our research discloses, we have no decision where the question has been considered as to whether a proceeding to have dower assigned is *in personam* or *in rem*. However, we are in accord with the holding in Klein v. Klein, 276 Ill. 520, 114 N.E. 1028, to the effect that such proceeding is not one *in personam* against the heirs at law, but is in the nature of a proceeding *in rem* against the real estate to secure an assignment to the widow of that portion of the real estate in which she is entitled to dower. We find support by analogy in our case of Taylor v. Dew, 236 Ala. 624, 184 So. 184, which involves the setting aside of a homestead to the widow. The proceedings to have the homestead set aside were instituted in 1926 and hence, under the provisions of § 7934 of the Code of 1923 the next of kin of the deceased husband were entitled to notice of the filing of the report of the appraisers or commissioners and of the day set for the hearing of the report. No such notice was given to the appellant, Nora Taylor, who was a minor child of the decedent. The petition filed by the surviving widow to have the homestead set aside averred, among other things, that the decedent left no child or children, adult or minor, and named collateral relatives as next of kin of the decedent. In holding that the decree awarding homestead exemptions to the surviving widow was not void because of failure to give the notice provided for by statute to the appellant, we said:

"When the jurisdiction of the court is thus invoked by petition setting forth all the jurisdictional facts, and the cause proceeds to a final decree based upon a finding of the truth of such facts, such decree is an adjudication of the matters so presented.

"We must, therefore, hold, in line with the long established law of this state, that this proceeding alloting these lands to the widow, was an adjudication of all the facts necessary to vest in her the fee to the property, including an adjudication that the decedent left no minor child; and the verity of such finding cannot be questioned on collateral attack. [Authorities cited.]" 236 Ala. 627, 184 So. 186.

The petition filed by Rebecca Duncan to have dower assigned to her set forth all the jurisdictional facts and as far as this record discloses the cause proceeded to a final decree based upon a finding of the truth of those facts. We hold, therefore, that the decree of January 8, 1951, is not void although the complainants Johnson and Hall, lineal descendants of the decedent, were not named in the petition as heirs at law and had no notice of the dower proceedings.

The decree of January 8, 1951, could be vacated in equity by a bill in the nature of a bill of review. In Cowdy v. Hood, 248 Ala. 635, 637, 29 So.2d 121, 123, we said:

> "There is no doubt that want of service or other circumstance which renders a decree ineffectual is ground for vacation of the decree by bill in the nature of a bill of review. Jones v. Henderson et al., 228 Ala. 273, 153 So. 214. * * *"

See Stephens v. Stephens, 253 Ala. 315, 45 So.2d 153.

We have held that an original bill in the nature of a bill of review by analogy should be filed within the period limiting the filing of bills of review, three years. Equity Rule 66, Code 1940, Title 7, Appendix, which be-

came effective January 1, 1940; Laney v. Dean, 258 Ala. 37, 61 So.2d 109; Hawkins v. Sanders, 260 Ala. 585, 72 So.2d 81.

As heretofore shown, the decree sought to be vacated was entered on January 8, 1951, and this bill was not filed until after the expiration of three years from that date, on November 16, 1954. But the limitation prescribed by Equity Rule 66 and its progenitor, § 6608, Code 1923, is not arbitrarily applied to original bills in the nature of bills of review. Where special features or circumstances are shown excusing the delay, the three-year limitation is not always applied to such bills. Urquhart v. McDonald, 252 Ala. 505, 42 So.2d 9; Laney v. Dean, supra.

The complainants Johnson and Hall became aware of the decree of January 8, 1951, as early as May or June of that year and shortly thereafter were permitted by the circuit court of Dallas County, Alabama, in equity, to become parties to litigation then pending in that court concerning the sale for division of the lands of Will Duncan not assigned as dower. Such litigation had been instituted by Alberta Owens, one of the nieces of Will Duncan named in the petition filed by Rebecca Duncan for assignment of dower. After Johnson and Hall became parties to that litigation the principal issue was whether they were the grandchildren of Will Duncan, deceased. That issue was submitted to a jury which found in favor of Johnson and Hall and a decree to that effect was entered on November 27, 1951. An appeal was taken to this court, which resulted in an affirmance of the decree of November 27, 1951. Our decree of affirmance was rendered on November 19, 1953, and application for rehearing was denied on January 14, 1954. Owens v. Washington, 260 Ala. 198, 69 So.2d 694.

In their bill presently under consideration the complainants contend that the pendency of the appeal in this court from the decree of November 27, 1951, excused them from instituting this proceeding within three years from January 8, 1951. We cannot agree. It is true that their right to successfully maintain the instant proceeding was dependent upon their being lineal descendants of Will Duncan, deceased, and that issue was involved in the matter pending here on appeal from the decree of November 27, 1951, which decree was not superseded. We are of the opinion that the pendency of that appeal did not justify the complainants in waiting until after the expiration of the period prescribed by Equity Rule 66 to institute the instant proceeding. Corinth Bank & Trust Co. v. Lawler, 218 Ala. 83, 117 So. 620.

We are of the opinion that the grounds of the demurrer addressed to the bill as a whole which took the point that the bill was not timely filed were well taken and that the trial court correctly sustained the demurrer addressed to the bill as a whole as well as those grounds of the demurrer addressed to the so-called aspects. It follows that the decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.