# Robertson v. Robertson, et al.

### Bill to Set Aside an Estate.

(Decided November 16, 1916.   73 South. 13.)

Dower; Assignments; Death of Dowress.—Where heirs granted certain lands which descended to them from their intestate, and in such grant excepted their reversionary interest in such part thereof as should be selected as dower by the widow, the death of the widow before such selection did not bar a bill by them to determine the area to which she would be entitled if she were alive, in order to ascertain the extent of their exception.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by J. W. Robertson and others against K. E. Robertson, to ascertain the extent of interest in land.   Decree for complainant and respondent appeals.   Affirmed.

HARWOOD, McKINLEY, McQUEEN & ALDRIDGE, for appellant. S. H. SPROTT, and FOSTER, VERNER & RICE, for appellee.

SOMERVILLE, J.—Complainants and respondent, W. E. Robertson, are the heirs at law of J. H. Robertson, deceased. Complainants granted to said respondent certain lands descended from said J. H. Robertson: "Reserving, however, and excepting from the operation of this deed, any and all reversionary interest which the said parties or their heirs may or shall have in and to such part of said lands as shall be selected as dower or in lieu of dower by Mrs. S. A. Robertson, widow of the said James H. Roberston, deceased."

On a former appeal, wherein the allegations of the original bill of complaint will be found fully reported, it was held—affirming the decree of the county court—that the demurrer to the bill

.was without merit. and was properly overruled.—*Robertson v. Robertson,* 191 Ala. 297, 68 South. 52.

On that appeal, this court, looking beyond the mere letter of the exception, and giving effect to. the manifest intention of the parties, held that "the reference to dower was with the intent to define, and having the effect of defining,.the area of the land in which an estate was excepted from the grant;" or, putting it still more plainly, "the area of the limit of the dower acreage fixed by law for this widow was appropriated to define the territorial extent of the exception from the grant." In short, the widow's dower selection was an allusion intended to be descriptive and definitive only, and designated her actual interest as she was then entitled, and not an estate to be enjoyed by the grantors contingency upon her action in the premises.

Since the determination of that appeal, Mrs. S. A. Robertson, the dowress, has died, and that fact is shown by the amended bill. The prayer is also appropriately amended so as to require the ascertainment of the area to which Mrs. Robertson would have been entitled if she were still alive. New grounds of demurrer are now assigned to the amended bill, and this appeal is from the decree of the chancellor overruling the demurrer.

If the conclusions reached on the former appeal are correct (and we see no reason for now questioning their validity), we are clear in the further conclusion that the supervening death of Mrs. Robertson has no effect whatever upon the status and merit of complainants' bill. This is not—as assumed by counsel for appellant—a proceeding to set aside dower to a dead dowress, but to set aside an estate owned by complainants. The method of its ascertainment remains the same, whether the dowress survive or perish. The extent of her right is the measure of complainants' right, but the assertion or consummation of her claim was an unessential incident to the assertion of complainants' right, and neither her inaction while living, nor her premature decease, has any bearing on the essential equity of the bill.

We have given due consideration to the arguments of counsel, but we think that every meritorious question in the case as now presented was settled on the former appeal, and that further discussion is therefore foreclosed. Let the decree of the county court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.