(85 South. 706)

**FRYER et al. v. FRYER et al.   (4 Div. 888.)**

(Supreme Court of Alabama. June 30, 1920.)

**Deeds ⬅140—Exception held not conditional.**

Where certain heirs at law of a decedent, thinking decedent's widow was entitled to dower of 160 acres of land left by decedent, although, in fact, because of the value of her separate estate she was not entitled to any dower in decedent's lands, in deeds conveying to other heirs at law their interests in decedent's land excepted the widow's "dower of 160 acres to be selected from" a described tract owned by decedent, the exception was a valid exception of their interests in 160 acres of the described tract, and not an exception conditioned upon the fact or act of the widow's actually selecting and effectuating dower in the tract.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Bill by S. A. Fryer and others against Dick Fryer and others for sale of land for division, with cross-bill by respondents. From a decree overruling demurrer to the cross-bill, complainants appeal. Affirmed.

T. L. Borom, of Troy, for appellants.

The deeds marked Exhibits E, F, and G do not contain a reservation to the grantors therein, and if they did dower cannot be assigned after the lapse of 20 years. 76 Ala. 204; 138 Ala. 650, 35 South. 694; 191 Ala. 297, 68 South. 52. The acts of the parties cannot be resorted to in aid of the construction. 2 Ala. 152; 199 Ala. 97, 74 South. 56.

A. G. Seay, of Troy, for appellees.

The exception of interest in the dower is good, although the widow died before dower was assigned. 197 Ala. 433, 73 South. 13. The exception may be aided by parol to make it certain. 76 Ala. 149; 74 Ala. 149; 18 C. J. § 354. The controlling feature in construing a deed is the intention of the grantor. 99 Ala. 60, 11 South. 447; 50 Ala. 419.

McCLELLAN, J. Appeal from a decree overruling demurrer to a cross-bill.

S. A. and John Fryer filed this bill against Dick Fryer, Minna Bragg, and Maud Read. Their bill seeks the sale for division among the tenants in common of two tracts of land, viz., one containing 277 acres and one containing about 154 acres. From the answer, constituted the cross-bill of respondents, it appears that the 277-acre tract was owned and occupied by L. W. Fryer, father of original complainants, at the time of his death in 1891, and that the 154-acre tract was the property of S. E. Fryer, mother of original complainants, who died in 1914. With respect to this 154-acre tract owned by Mrs. S. E. Fryer, phases of the cross-bill appear to proceed upon the theory that the mother entered upon a division thereof with a view to making advancements (Code § 3767 et seq.), but this design was not fully accomplished. In so far as her purpose was effected, in contemplation of law, the doctrines restated in Betts v. Ward, 196 Ala. 248, 72 South. 110, may be found to be of service in the final adjustment of the rights of the parties.

The particular question presented by this appeal, in consequence of the action of the court in overruling demurrer to features of the cross-bill, concerns, alone, the 277-acre tract, owned and occupied by L. W. Fryer at the time of his death. Exhibit E is a deed from Minna Bragg, an heir at law of L. W. Fryer, deceased, and her husband to S. A. Fryer. Following the description of the two tracts before mentioned and preceding the habendum, conveying her undivided interests in the tracts, this declaration of intent appears in the deed:

"It being our purpose and intent by this deed to convey our entire interest in and to the last named above lands as well as the first named, less Mrs. S. E. Fryer's dower of 160 acres, to be selected from the first of above-described lands."

Exhibit F is a deed from Maud Read, an heir at law of L. W. Fryer, deceased, and her husband to G. B. Fryer, since deceased. In the body of the instrument, just preceding the habendum, conveying her undivided interests in both tracts, these grantors set in provisions like those above quoted from the deed of Mrs. Bragg. Exhibit G is a deed from Jesse Fryer to said G. B. Fryer, and in respect of the declaration of intent it is identical with the conveyances exhibited as E and F.

The averments of paragraph 4 of the cross-bill further illumine the intent manifested through the mentioned provisions of Exhibits E, F, and G. These averments are as follows:

"That at the time of the death of the said L. W. Fryer each of his said children inherited a one-seventh undivided interest in the 277 acres of land owned by him at the time of his death, subject to the homestead and dower rights in his widow, the said S. E. Fryer; that on and after the death of the said L. W. Fryer his widow and said children believed that the said S. E.

Fryer was entitled to an absolute title to 160 acres of the land left by said L. W. Fryer, which they termed and spoke of as her 'dower interest'; that the several conveyances from her hereinabove· described and those among her said children, which will hereinafter be more particularly set out, were made in recognition of this right, and that such belief among said children existed and was acted upon among them up until a short time before the filing of the complaint in this cause; that on January 12, 1903, said Minna E. Bragg and her husband, G. A. Bragg, sold and conveyed to S. A. Fryer her undivided one-seventh interest in all of said land, less said 'dower interest' of 160 acres belonging to the said S. E. Fryer, as shown by a deed, a copy of which is hereto attached, marked Exhibit E, with leave of reference thereto as often as may be necessary; that on January 21, 1903, said Maud Read and her husband, C. J. Read, sold and conveyed to G. B. Fryer her undivided one-seventh interest in all of said land, less said 'dower interest' of 160 acres owned by said S. E. Fryer, as shown by a copy of deed hereto attached and marked Exhibit F, with leave of reference thereto as often as may be necessary; that on, to wit, the 31st day of October, 1904, said Jesse Fryer sold and conveyed to said G. B. Fryer his undivided one-seventh interest in all of said land, less the said 'dower interest' of 160 acres owned by said S. E. Fryer as shown by deed, a copy of which is hereto attached and marked Exhibit G, with leave of reference thereto as often as may be necessary; that on and after the several conveyances by said children as hereinabove set out neither Minna E. Bragg, Maud Read, nor Jesse Fryer had or claimed any interest in any of said lands except their pro rata part of said 'dower interest,' until the death of the said G. B. Fryer."

Correctly applying the doctrine of Robertson v. Robertson, 191 Ala. 297, 68 South. 52, on second appeal, reaffirming the construction of the instrument taken on the first appeal (197 Ala. 433, 73 South. 13), the court below held that the indicated limitary phrase in the deeds (Exhibits E, F, and G) operated to qualify the grant so as to exclude therefrom the undivided interests of the grantors in an area of 160 acres out of the 277-acre tract, that could be ascertained and located by recourse to the law's process of selecting and defining the dower interest of a widow. Since the widow of L. W. Fryer, deceased, had died before this cause was instituted, and since it is agreed that because of the value of her separate estate (the 154-acre tract) the widow was not entitled to any dower in the lands of her deceased husband, it is insisted that the provisions of Exhibit E, likewise appearing in Exhibits F and G, were and are an abortive and futile effort to qualify the grant to the extent such provisions plainly intend. The insistence is without merit. It is the duty of the courts to give effect, in construing deeds and other contracts, to an expressed intent, provided, of course, that intent is not offensive to law or public policy. That these grantors entertained the intent to except from their grants an area of 160 acres out of the 277-acre tract, to be selected through a method unmistakably defined, was put beyond cavil by the plain terms of the deeds. The fact that the widow was not, in truth, actually entitled to dower in the 277-acre tract owned and occupied by the deceased husband and father, does not in the least qualify or contradict the intent clearly expressed in the deeds. If they had so phrased their declarations in this regard as to have conditioned their effect in the premises upon the fact or act of selecting and effectuating dower in the 277-acre tract, the result would, of course, have been·to manifest a qualified, contingent intent, that, to become effective, must have been predicated of the full accomplishment of the fact or act affording the basis of the condition.

The decree overruling the demurrer to the cross-bill was proper, when referred to grounds of the demurrer proceeding upon a different construction of the mentioned features of the deeds, Exhibits E, F, and G. It is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.